Tracy KASTL *v.* STATE of Arkansas

CR 90-124                                    796 S.W.2d 848

Supreme Court of Arkansas
Opinion delivered October 15, 1990

*Patricia A. Page*, for appellant.

*Steve Clark*, Att'y Gen., *John D. Harris*, Asst. Att'y Gen., for appellee.

DALE PRICE Justice. Tracy Kastl, age 17, was found to be a delinquent and was convicted of being a minor in possession of alcohol. Pursuant to Act 93 of 1989, the appellant's driver's license was suspended for a period of one year. Appellant brings this appeal, raising two arguments: (1) there was insufficient evidence to support her conviction, and (2) Act 93 of 1989 violates the Equal Protection Clause of the United States Constitution and Ark. Const. art. 2, §§ 2 and 3. We find the evidence was insufficient to support the conviction; therefore we reverse and dismiss without reaching the constitutional issue.

In February 1990, appellant was one of five passengers in a vehicle that was parked in a parking lot in Waldron, Arkansas.

The vehicle was owned by Terry Lunsford and driven by Jamie May.

While on routine patrol about 10 p.m., Officers Johnny Smith and Ronnie Eisenhower of the Waldron City Police spotted beer cans beside the vehicle. They conducted a search of the vehicle with a flashlight and discovered a six pack of Coors Light beer lying on a "flat" in the hatch compartment of the vehicle behind the appellant. Randy Crowell, one of the passengers, admitted to purchasing the beer and claimed ownership.

Although neither officer was certain of the appellant's exact position in the car, it was alleged by Officer Eisenhower that the appellant was a passenger in the back seat.

A portable breathalyzer test was administered, but the results were not provided. However, Officer Smith testified that the test indicated the passengers had consumed alcohol, although no evidence was presented as to the time of the alleged consumption, or whether it was recent. The officers testified that the appellant did not have in her hand or lap any alcoholic beverage and further testified that the reason the citation was given was because consumption had been indicated.

Ark. Code Ann. § 3-3-203 (1987) states in pertinent part the following:

> (a) (1) It shall be unlawful for any person under the age of twenty-one (21) years to purchase or have in possession any intoxicating liquor, wine or beer.
>
> (2) For the purposes of this section, intoxicating liquor, wine, or beer in the body of a minor shall not be deemed to be in his possession.

Appellant cites *Reynolds* v. *State*, 92 Fla. 1038, 111 So. 285 (1926), as holding that "possession" of intoxicating liquors within the meaning of statutes making possession unlawful is usually defined as "having personal charge of or exercising the right of ownership, management, or control over," and it has also been held that there must be a conscious and substantial possession by the accused, as distinguished from a merely involuntary or superficial possession.

Appellant contends that while the testimony and evidence

adduced might prove that the appellant had consumed alcohol, neither actual nor constructive possession of alcohol was proved. Neither of the officers at the scene of the incident testified to having seen the appellant with any beverage, nor did they testify that she even had knowledge that the beer was in the hatch of the vehicle. Further, the statute is clear that alcohol in the body of a minor shall not be deemed to be in his or her possession.

The state contends that the appellant had "constructive possession" of the alcohol because it was in the vehicle in which she was an occupant. In *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982), we defined the differences between actual and constructive possession as it relates to controlled substances:

> The problem with joint occupancy arises because of the rule that when joint occupancy is the only evidence the State has, there must be some additional link between the accused and the contraband. . . .If evidence is presented that indicates joint occupancy and occupancy is the only evidence the State offers to prove possession, it must either provide the necessary link or prove the accused was in sole possession.

*See also Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

The appellant was clearly not in actual possession of the beer in this case. The question then becomes whether there was sufficient evidence to show she was in constructive possession. In determining whether there is sufficient evidence to support a verdict, the court views the evidence in the light most favorable to the state and will affirm the conviction if there is substantial evidence to support the conviction. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988).

The following was presented by the state to prove constructive possession of the beer by the appellant: (1) beer cans were found laying between the vehicle in question and another parked vehicle; (2) a six-pack of Coors Light beer was found lying inside the vehicle in the hatch area behind the appellant, and according to Officer Eisenhower, all the appellant would have had to have done was "just turn around and reached and grabbed it [the beer];" and (3) the appellant had a smell of intoxicating alcohol about her person.

The state's evidence that there were beer cans beside the vehicle, that beer was found in the immediate proximity of the appellant in the vehicle, and that there was the smell of beer on the appellant's person are not sufficient evidence of constructive possession. Applying *Osborne* v. *State, supra,* the state has not proven the additional evidence necessary to link the appellant to possession of the beer.

Reversed and dismissed.

HAYS, NEWBERN AND GLAZE, J.J., dissent.

TOM GLAZE, Justice, dissenting. The majority, in my view, has abandoned its appellate rule on reversing this matter. In viewing the evidence in the light most favorable to the state, as is our duty, I believe substantial evidence exists to support the appellant's conviction.

The appellant, Tracy Kastl, a seventeen-year-old girl, was convicted of being a minor in possession of alcohol. Her driver's license was suspended for one year.

It is well established the state need not prove the appellant, as the accused, had actual possession of the contraband; constructive possession is sufficient. *See Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988). In *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982), we said that constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control, or to the joint control of the accused and another. We recently said that the state can sufficiently link an accused to contraband found in an automobile jointly occupied by more than one person by showing additional facts and circumstances, indicating the accused's knowledge and control. One such circumstance is when the contraband is found on the same side of the car as the accused was sitting or in his or her immediate proximity. *See Plotts*, 297 Ark. at 70, 759 S.W.2d at 795. Here, it is undisputed that Tracy was seated in the immediate proximity of a six pack of beer. However, there are even more facts to show Tracy's knowledge and control of the beer or contraband seized in this case.

In considering only that testimony in support of the trial court's verdict, *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985), the evidence shows as follows:

* Officers Smith and Eisenhower drove on to the lot where the car, in which Tracy was a passenger, was parked. There was a beer can by the car and one on the lot. The officers had been on the lot earlier and no beer cans were on it.

* Five people were in the car, two young men in the front and Tracy and two young men in the rear seat. A six pack of beer was seen immediately behind the rear seat and the beer was within arm's reach of Tracy.

* Several of the subjects were seen with open beer cans between their legs, although Tracy was not one of them.

* Both officers smelled the odor of intoxicating beverage about Tracy's person.

The foregoing evidence speaks for itself. The trial judge could have reasonably inferred that Tracy had been drinking and that Tracy was within arm's reach of the six pack of beer found in the car. Some of the others in the car had open beer cans in their possession, and it is fair to infer occupants of the car had discarded two beer cans onto the lot — one of the cans was located immediately next to the car.

From this evidence, the trial judge, as factfinder, could have reasonably believed Tracy had knowledge and control of the beer located in the car. In fact, to have found and decided otherwise would, in my estimation, have ignored the obvious. The trial judge's decision should clearly stand.

HAYS AND NEWBERN, JJ., join this dissent.