Linda HICKSON *v.* STATE of Arkansas

CA CR 94-828                                              901 S.W.2d 868

Court of Appeals of Arkansas
En Banc
Opinion delivered July 5, 1995
[Rehearing denied August 16, 1995.]

*Damon Young*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with theft of property valued at $2,500 or more, a Class B felony. She was convicted in a jury trial of theft of property valued at less than $2,500.00 but more than $200.00, a Class C felony, and sentenced to three years in the Arkansas Department of Correction. On appeal, she argues that the evidence is insufficient to support the verdict; that the State's expert witness was erroneously permitted to testify to inadmissible speculation; and that the absence of a *contra pacem* clause in the information requires reversal. We affirm.

The State argues that the appellant's challenge to the sufficiency of the evidence is not preserved for appellate review because she moved for a directed verdict only on the Class B felony charge. At the close of the State's case, the appellant's attorney made a motion for directed verdict arguing that there was no evidence presented to prove that the appellant had unlawfully taken property valued at more than $2,500. It was further

argued that, other than the testimony that the appellant told one of the witnesses that she had taken an amount of cash under $500, there was no evidence that the appellant committed an offense involving the taking of any money. The appellant renewed her motion at the close of all the evidence. Thus, we find that the State's argument is without merit.

■■ In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *Bailey* v. *State*, 307 Ark. 448, 821 S.W.2d 28 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 831 (1992). Decisions regarding the credibility of witnesses is for the trier of fact, and the trier of fact is not required to believe any witness's testimony, especially the testimony of the accused since she is the person most interested in the outcome of the trial. *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161 (1989).

A person commits theft of property if she knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103(a)(1) (Repl. 1993). Theft of property is a Class C felony if the value of the property is less than $2,500 but more than $200. Ark. Code Ann. § 5-36-103(b)(2)(A) (Repl. 1993).

The appellant was charged in connection with the discovery of a large amount of money missing from the Ashdown Water Department where she was an employee. Danny Harkins, an Arkansas State Police Officer, testified that he interviewed the appellant twice during the course of his investigation. He stated that during the second interview, the appellant told him that she needed some Christmas money and had taken it out of her cash drawer at the water department. She told him that she had written a check for $500.00 and placed it in her cash drawer. He testified that she further stated that she planned on taking the check out and replacing it with cash but that she never did. She later took the check out and destroyed it.

■ The appellant argues that her statement cannot sup-

port her conviction pursuant to Ark. Code Ann. § 16-89-111(d) (1987) which provides that a confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed. The appellant, however, admitted at trial that she took money out of her cash drawer and replaced it with a $250.00 check. She further testified that she eventually replaced the money. Thus, the appellant admitted in open court to the unauthorized taking of the money from her cash drawer which amounted to a confession. *See Snyder* v. *City of DeWitt*, 15 Ark. App. 277, 692 S.W.2d 273 (1985). We further note that even if the jury had found credible her explanation that she replaced the money, the theft statute makes no exceptions for temporary deprivation. *Moore* v. *State*, 299 Ark. 532, 733 S.W.2d 834 (1989). We find the evidence sufficient to support the verdict.

The appellant next argues that the testimony of Ms. Elizabeth Fausett, a CPA who audited the Ashdown Water Department, was erroneously admitted over objections that the testimony was based on speculation and conjecture. Ms. Fausett testified concerning approximately $46,000 that she determined was missing from the Ashdown Water Department. However, given that the appellant admitted to taking and was convicted of taking a lesser amount of money, we fail to see how the appellant was prejudiced by Ms. Fausett's testimony.

The appellant further argues that the judgment against her is void because the felony information did not contain a contra pacem clause, "Against the peace and dignity of the State of Arkansas," as required by our state constitution. Ark. Const. art. 7, § 49. However, the appellant did not raise this argument below and the insufficiency of an indictment or information must be challenged prior to trial to be preserved for appellate review. *Wetherington* v. *State*, 319 Ark. 37, 889 S.W.2d 34 (1994).

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority decision affirming the conviction in this case. I agree with appellant's argument that it was error to allow the State's expert witness to give testimony stating, in effect, that in her

opinion it was the appellant who took the money that the books showed was missing. *See Ethridge* v. *State*, 9 Ark. App. 111, 654 S.W.2d 595 (1983).