James Luther MILLER *v.* STATE of Arkansas

CA CR 99-52 6 S.W.3d 812

Court of Appeals of Arkansas
Division I and II
Opinion delivered December 22, 1999

*Marsha Basinger*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. James Luther Miller was convicted by a jury of possession of cocaine and marijuana and sentenced to thirty years' incarceration on the cocaine-possession conviction. He was sentenced to one year's imprisonment in the county jail on the marijuana-possession conviction, and ordered to pay a $1000 fine. He argues on appeal that the trial court erred in refusing to grant his motion for a directed verdict.

█ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, whether direct or circumstantial. *Brown v. State*, 315 Ark. 466, 869 S.W.2d 9 (1994). Evidence is substantial if it is of sufficient force

and character to compel a conclusion one way or the other beyond suspicion or conjecture. *Thomas v. State*, 312 Ark. 158, 847 S.W.2d 695 (1993). We will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State as appellee. *Bangs v. State*, 338 Ark. 515, 998 S.W.2d 738 (1999).

At trial, Arkansas State Police Officer Tim Land testified that on February 23, 1997, he came into contact with appellant, who was a passenger in a vehicle driven by Michael Alexander. Officer Land became suspicious of the vehicle because it approached him from the rear and would not pass his vehicle although he slowed to thirty miles per hour. Land pulled his car into the median, and as the car passed he noticed that it did not have a license plate. He initiated a stop of the vehicle, and upon approaching the vehicle, he smelled the very strong odor of burned marijuana emanating from the vehicle. Land had the driver exit the vehicle, and after noting the odor of burned marijuana and alcohol on his person, administered field sobriety tests, which Alexander failed. Land called for assistance, and Alexander was transported to the county jail for a breathalyzer. According to Land, there were four occupants in the vehicle: Alexander, who was the driver; James Giles, who was sitting in the right front seat; Damon Albert, who was sitting in the rear seat behind the driver; and appellant, who was seated on the right rear seat.

Trooper Land recovered three rolling papers from three of the vehicle's occupants, but could not recall which three occupants possessed the papers. He also stated that he found three rocks of crack cocaine and marijuana in the pouch located on the back of the driver's seat, directly in front of Damon Albert.

The driver of the vehicle, Michael Alexander, testified that on the date in question he asked appellant if he wanted to ride to Hope, Arkansas, with him. He picked up Giles and Albert and took them to a residence in Hope, where they purchased crack cocaine. According to Alexander, appellant did not know that Giles and Albert were purchasing crack, and he did not know about the marijuana until it was smoked. However, Alexander later testified that all of the vehicle's occupants knew that the marijuana was in the vehicle because the marijuana was in the car before the group traveled to Hope.

 Appellant contends that the evidence presented is not sufficient to justify a conviction for possession of cocaine and marijuana. It is not necessary for the State to prove literal physical possession of drugs in order to prove possession. Possession of drugs can be proved by constructive possession. *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993). Constructive possession can be implied when the drugs are in the joint control of the accused and another. *Id.* However, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some additional factor linking the accused to the drugs. Other factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view, (2) whether the contraband is found within the accused's personal effects, (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it, (4) whether the accused is the owner of the automobile, or exercised dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

 When viewed in the light most favorable to the State, we believe the evidence is sufficient to conclude that the jury had substantial evidence from which it could find that appellant constructively possessed marijuana. By way of analogy, we note that had the officer observed the marijuana in plain view inside of the vehicle, the evidence would be sufficient to compel the conclusion that appellant constructively possessed the marijuana. Here, although the marijuana was not in plain view, we believe that the fact that the police officer smelled marijuana upon approaching the vehicle tends to establish that appellant had knowledge of the presence of the marijuana. It is the knowledge of the existence of the contraband that provides substantial evidence of constructive possession.

Whether the evidence is sufficient to support the conviction of possession of cocaine presents a more difficult question. In *Bond v. State*, 45 Ark. App. 177, 873 S.W.2d 569 (1994), we affirmed a conviction for possession of a controlled substance under facts similar to, but distinguishable from those present in the case at bar. In that case, appellants were stopped by a police officer, who upon approaching the vehicle, smelled alcohol and marijuana. A search of the vehicle revealed a small brass pipe used to smoke marijuana in

plain view in the front seat in immediate proximity to both appellants. The arresting officer observed that both appeared to have glassy eyes. In affirming the conviction we utilized the following rationale:

> Applying Plotts to the instant case there are factors in addition to the joint occupancy of the vehicle, from which the jury could find that appellants had joint control and dominion over the contraband. First, as to the small brass pipe, it was found in the front seat in immediate proximity to both appellants. Secondly, *an additional factor, which links both appellants to the marijuana and from which constructive possession could be found, is that the marijuana was in the back seat behind the driver's seat in an area most easily accessible to Joseph the passenger, but also accessible to James, the driver.* . . .

It is this highlighted portion of this court's analysis that gives us great cause for concern. This language seems to imply that constructive possession may be proved by merely showing that the defendant was an occupant of a vehicle where illegal contraband is found, in the absence of any additional factor linking the accused to the contraband. However, our case law makes it quite clear that the drugs must be found on the same side of the vehicle as the accused, or in close proximity to the accused. *Plotts, supra.*

■ The highlighted language in *Bond* should be consideredin conjunction with the other evidence presented, and not as the sole basis upon which a conviction for constructive possession can be sustained. We note that in *Bond* there was evidence, independent of occupancy of the vehicle, that was sufficient to sustain the conviction.

The dissent bases its contention that appellant's conviction should be affirmed on the supreme court's decision in *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995), wherein the court upheld a conviction for being a felon in possession of a handgun. In that case, the handgun was not in plain view, but the cab of the truck was so small that anyone inside of the vehicle had access to anything inside. The court discussed additional linking factors, such as the fact that the appellant had exercised dominion and control over the vehicle, and the fact that appellant testified that he had thoroughly cleaned the vehicle prior to using it and would have noticed any contraband in it. The court also noted that cocaine was found in plain view and the jury could have dismissed the

probability that the drugs or gun were in the vehicle before the appellant borrowed it.

In the present case, appellant was a rear-seat passenger in his friend's car when the vehicle was stopped by Trooper Land. The contraband found was not in plain view, was not under appellant's exclusive control, and was not found near the seat in which appellant was seated. There was no testimony that appellant acted suspiciously, and, there was no evidence of any contraband found on appellant's person. There was, however, testimony that appellant did not know that there was cocaine in the car until after the police searched the vehicle.

█ Based upon the evidence presented, we hold that the State did not present sufficient evidence of any factor, other than occupancy, to establish appellant's constructive possession of the cocaine. Appellant's conviction for possession of cocaine is reversed and dismissed. His conviction for possession of marijuana is affirmed.

HART, CRABTREE, and MEADS, JJ., agree in reversing the cocaine-possession conviction.

BIRD, STROUD, CRABTREE, and MEADS, JJ., agree in affirming the marijuana-possession conviction.

BIRD and STROUD, JJ., dissent from the majority's reversal of the possession of cocaine conviction.

HART, J., dissents from the majority's decision affirming the possession of marijuana conviction.

JOSEPHINE LINKER HART, Judge, concurring in part; dissenting in part. While I agree that the appellant's conviction for possession of cocaine must be dismissed, I would likewise reverse and dismiss his conviction for possession of marijuana. The Arkansas Supreme Court recently restated the standard of review in determining whether evidence sufficiently demonstrates constructive possession:

> [T]he State need not prove that the accused physically possessed the contraband to sustain a possession conviction. Indeed, if the location of the contraband was under the dominion and control of the accused, it is deemed constructively possessed. Although constructive possession can be implied when the contraband is in the

> joint control of the accused and another, joint occupancy, alone, is insufficient to establish possession or joint possession. ... [T]he State must prove some additional factor linking the appellant to the contraband. Specifically, the State must prove that the appellant exercised care, control, and management over the contraband, and that she knew the matter possessed was contraband.

*Fultz v. State*, 333 Ark. 586, 596, 972 S.W.2d 222, 226 (1998)(citations omitted).

In the case at bar, the majority does not set forth any factor linking the appellant to the marijuana. Rather, the majority concludes, "[W]e believe the fact that the police officer smelled marijuana upon approaching the vehicle tends to establish that appellant had knowledge of the presence of marijuana." Certainly, this does not establish that the appellant exercised care, control, or management of the contraband. And most certainly, "[m]ere presence, acquiescence, silence, or knowledge that a crime is being committed, in the absence of a legal duty to act," is not sufficient to establish criminal liability. *See Fight v. State*, 314 Ark. 438, 444, 863 S.W.2d 800, 803-04 (1993). This case strongly resembles that of *Kastl v. State*, 303 Ark. 358, 796 S.W.2d 848 (1990), in which the Arkansas Supreme Court found that evidence of beer cans beside the vehicle, beer found in the immediate proximity of the appellant in the vehicle, and the smell of beer on the appellant's person, were not sufficient evidence that the appellant, who was one of five people in the vehicle, constructively possessed the beer.

Relying on our words here, one can easily imagine a "parade of horribles" in which a person who is merely present will stand convicted for merely knowing about the presence of a controlled substance. Insofar as we abide under a just system of laws, this decision cannot stand.

SAM BIRD, Judge, dissenting. I respectfully dissent from the majority opinion in this case because I believe that there was sufficient evidence upon which a jury could find that the appellant was guilty of the crimes of possession of marijuana and cocaine on the basis that he constructively possessed both of those substances.

As the majority correctly notes, in order to convict the appellant on the charges, the State need not prove that he was in actual

possession. *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988). Constructive possession, which is the control or right to control the contraband, is sufficient and can be implied where the contraband is found in a place immediately and exclusively accessible to appellant and subject to his control. *Id.* Where there is joint occupancy of the premises where the contraband is found, some additional factor must be present linking the appellant to the contraband. *Id.* Other linking factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Mings v. State,* 318 Ark. 201, 884 S.W.2d 596 (1994).

The appellant argues that none of these additional factors link him to the contraband. He argues that the contraband was not in plain view, that it was not in his personal effects, that it was not found on the same side of the car seat or in his close proximity, that he did not exercise dominion and control over it, and that he did not act suspiciously before or during the arrest. The majority apparently agrees with appellant. I do not. The contraband was found in the pouch on the back of the driver's seat. Although the contraband was not on the same side of the car as the appellant, it was certainly in close proximity to the other side of the back seat where appellant was seated.

The majority opinion, in its attempt to distinguish *Bond v. State*, 45 Ark. App. 177, 873 S.W.2d 569 (1994), from the case at bar, states that *Bond* seems to imply that constructive possession may be proven by merely showing that the defendant was an occupant of a vehicle where illegal contraband was found. To the contrary, I believe that *Bond* simply stands for the well-established principle that a person in joint occupancy of an automobile who is in close proximity to contraband located within that automobile can be found to be in possession of the contraband within the meaning of Ark. Code. Ann. § 5-64-401 (Repl. 1997) *et seq.* It is apparent that in *Bond*, the appellant could have reached behind the driver's seat from the front passenger seat to gain access to the contraband. In the case at bar, appellant was seated in the right rear passenger seat

and the contraband, located in the pouch on the back of the driver's seat, was actually closer and more easily accessible to him than the contraband was in *Bond.*

I also disagree with the majority's opinion based upon *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995). In *Kilpatrick,* the supreme court upheld the conviction of a defendant for being a felon in possession of a firearm where the defendant was the driver of a car and the firearm was found underneath the passenger's seat that was occupied by another person. *Id.* In that case, the supreme court held that the firearm was in an area accessible to the defendant and that he was, therefore, in constructive possession of the firearm. *Id.* If the driver of a motor vehicle is deemed to be in possession of a firearm located beneath a passenger seat that is occupied by another person, I see no reason why the passenger in the back seat of an automobile cannot be deemed to be in possession of illegal drugs that are also located in the back seat. The majority attempts to distinguish *Kilpatrick* by noting that "the cab of the truck was so 'small that anyone inside the vehicle had access to anything inside." However, the record before us does not reveal that the back seat of the Ford Tempo automobile in which appellant was riding was any bigger that the cab of a truck. If the supreme court in *Kilpatrick* found that the driver of a truck constructively possessed a gun found under the passenger seat, it seems apparent that this court should find that appellant constructively possessed both the marijuana and cocaine found in the pouch behind the driver's seat to which appellant had immediate access.

Finally, to me, it is contradictory to hold, as the majority does, that, because the police officer smelled the aroma of marijuana smoke coming from the car, the appellant *is* guilty of possession of marijuana, but not guilty of possession of cocaine that was located in exactly the same place in the car as the marijuana. I acknowledge the well-established rule that the smell of marijuana coming from an automobile is sufficient to arouse suspicion and provide probable cause for a warrantless search of the vehicle. *McDaniel v. State,* 337 Ark. 431, 990 S.W.2d 515 (1999). However, I do not read *McDaniel* to mean that the mere smell of marijuana smoke coming from a vehicle is sufficient to convict a joint occupant of the vehicle of possession of marijuana found in the vehicle. In order to be convicted, the State must prove that the joint occupant was in close proximity to the contraband or that such possession was established

by virtue of the existence one of the other linking factors referred to in *Mings v. State, supra.* In this case, if the appellant was close enough in proximity to the marijuana that the officer smelled to be found guilty of its possession, I fail to see how the majority can say that there was not sufficient evidence to sustain the jury's verdict that appellant was guilty of possession of cocaine that was located in exactly the same place as the marijuana.

I am also troubled by the fact that the majority, in reversing this jury verdict, apparently gave considerable weight to the testimony of the driver of the vehicle, Michael Alexander, to the effect that appellant did not know about the presence of the cocaine. From my reading of the abstract of Alexander's testimony, there was so much contradiction in what he said that the jury might well have considered his credibility to be in doubt. Assessment of the credibility of witnesses is within the sole province of the jury, *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999), and the jury obviously did not believe Alexander.

Because the appellant was in close proximity to the marijuana and the cocaine, and because appellant could have had dominion and control over both substances from his position in the right rear seat of the automobile, I would affirm appellant's convictions on the marijuana and cocaine possession charges. *See Bond v. State, supra,* and *Kilpatrick v. State, supra.*

STROUD, J., joins in this dissent.