Larry WALKER *v.* STATE of Arkansas

CA CR 01-941                                   72 S.W.3d 517

Court of Appeals of Arkansas
Divisions II, III, and IV
Opinion delivered April 10, 2002

*Steven M. Harper*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

L ARRY D. VAUGHT, Judge. Appellant was convicted in a bench trial of possession of a controlled substance and possession of drug paraphernalia. He was sentenced to sixty months' imprisonment, with thirty-six months suspended. Appellant's sole contention on appeal is that the evidence of his constructive possession of the contraband was insufficient to sustain the convictions, and accordingly the trial court should have dismissed the charges against him. We agree.

On June 19, 2000, a vehicle driven by appellant entered into an area under surveillance by Faulkner County law enforcement. The area included a Quonset hut filled with a substantial amount of stolen property. The officers were instructed to stop any vehicle approaching or exiting the area and to identify any persons "that might have cause to be on the property." Appellant arrived about 1:30 a.m. driving a vehicle belonging to his passenger, Darlene Ables. Deputy Brocker testified that he stopped the vehicle and checked appellant's license. He noted that appellant had various charges (not warrants) including a weapons charge, and asked him and the passenger to exit the vehicle. A search of Ables's person revealed a clear plastic bag which later tested positive for methamphetamine residue. However, the search of appellant produced no evidence of contraband.

Subsequent to the searches of both individuals, a canine search of the vehicle was performed and the dog alerted under the driver's seat. A search under the seat revealed a pair of work gloves and inside one of the gloves was a ball of tinfoil containing methamphetamine. After the arrests, while being transported in the police car, Ables accused the officer of planting the drugs and the appellant joined her accusation. The appellant was tried before the court and was convicted of possession of a controlled substance and possession of drug paraphernalia (for the tinfoil).

■ ■ Walker challenges the trial court's denial of his motion to dismiss. A motion to dismiss, identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *Dye v. State,* 70 Ark. App. 329, 17 S.W.3d 505 (2000). On appeal of a denial of a motion for dismissal, the sufficiency of the evidence is tested to determine whether the verdict

is supported by substantial evidence, direct or circumstantial. *Peeler v. State,* 326 Ark. 423, 932 S.W.2d 432 (1999). Circumstantial evidence is substantial if it is of sufficient force to compel a conclusion beyond mere suspicion or conjecture. *Jones v. State,* 336 Ark. 191, 984 S.W.2d 432 (1999). Only the evidence supporting the guilty verdict need be considered, and that evidence is viewed in the light most favorable to the State. *Williams v. State,* 338 Ark. 97, 991 S.W.2d 565 (1999).

The cases are legion concerning constructive possession and joint possession of controlled substances. It is well settled that it is not necessary for the State to prove literal physical possession of drugs in order to prove possession. *Dodson v. State,* 341 Ark. 41, 14 S.W.3d 489 (2000) (citing *Mings v. State,* 318 Ark. 201, 884 S.W.2d 596 (1994)). Constructive possession requires the State to prove beyond a reasonable doubt that 1) the defendant exercised care, control, and management over the contraband, and 2) the accused knew the matter possessed was contraband. *Boston v. State,* 69 Ark. App. 155, 12 S.W.3d 245 (2000). Although constructive possession can be implied when the drugs are in the joint control of the accused and another, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Dodson, supra.* There must be some other factors linking the accused to the drugs:

> Other factors to be considered in cases involving automobiles occupied by more than one person are: 1) whether the contraband is in plain view; 2) whether the contraband is found with the accused's personal effects; 3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; 4) whether the accused is the owner of the automobile, or exercises dominion or control over it; and, 5) whether the accused acted suspiciously before or during the arrest.

*Mings, supra* at 207, 884 S.W.2d at 600.

Although factors three and four were present in this case, neither of these factors established that appellant had knowledge of the presence of the contraband without resorting to speculation or conjecture. Each of the remaining *Mings* factors (plain view, whether the contraband is found in the accused's personal effects,

and suspicious acts of accused) indicate that the accused had direct knowledge of the presence of the contraband.

■ While the *Mings* factors offer guidance for our court in analyzing constructive possession cases, the mere presence of some of these enumerated factors does not relieve our obligation to determine whether a nexus between the accused and the contraband has been established. The link between the accused and the drugs must be sufficient to raise a reasonable inference of knowledge of the contraband. In *Boston, supra,* we reversed a conviction where the contraband was found in a suitcase in the trunk of appellant's car where it could not be shown that he had knowledge of the contents of the suitcase. Similarly, in *Miller v. State,* 68 Ark. App. 332, 6 S.W.3d 812 (1999), we affirmed a conviction where (although none of the five *Mings* factors were apparent) the strong odor of burning marijuana was sufficient to establish that the appellant had knowledge of the drug, and concluded that it is the knowledge of the existence of the contraband that provides substantial evidence of constructive possession. *Id.*

Knowledge of the presence of the contraband is a well-established element of constructive possession which has been developed better in premises cases than automobile cases. In *Franklin v. State,* 60 Ark. App. 198, 962 S.W.2d 370 (1998), we reversed a conviction based on constructive possession where joint occupancy of a house was at issue. After analyzing the evidence the State offered, which allegedly linked appellant to the drugs, we found it to "fall short of demonstrating the degree of connection to the contraband or *knowledge of its presence.*" *Id.* at 203, 962 S.W.2d at 375 (emphasis added).

■ In the case at bar, appellant was in Darlene Ables's car, and methamphetamine was found on her person and not on appellant. Additionally, the officer testified that appellant was cooperative and did not act suspiciously. The State offered only two links between appellant and the contraband: 1) that the glove was found on appellant's side of the vehicle; and 2) that appellant was the driver of the automobile. Neither of these raise a reasonable inference that appellant had knowledge of the presence of the contraband. Therefore, there was no substantial evidence to sup-

port a finding of constructive possession, and we reverse appellant's convictions and dismiss the charges against him.

Reversed and dismissed.

HART, BIRD, GRIFFEN, NEAL, and BAKER, JJ., agree.

STROUD, C.J., PITTMAN, and JENNINGS, JJ., dissent.

JOHN F. STROUD, JR., Chief Judge, dissenting. I would affirm appellant's convictions because I believe that, viewing the evidence in the light most favorable to the State, as we must, there is substantial evidence to support the convictions.

In *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000), our supreme court, citing *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994) stated:

> It is not necessary for the State to prove literal physical possession of drugs in order to prove possession. Possession of drugs can be proved by constructive possession. Although constructive possession can be implied when the drugs are in the joint control of the accused and another, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. There must be *some other factor* linking the accused to the drugs:
>
>> Other factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion or control over it; and (5) whether the accused acted suspiciously before or during the arrest.

341 Ark. at 47, 14 S.W.3d at 493 (citations omitted) (emphasis added). I agree with the majority that in the present case, only factors three and four are present. However, there is no set number of factors that are required to be present in order to link a defendant to the contraband. Furthermore, this list of factors to be considered is not an exhaustive one. In addition to the five factors listed above, our supreme court has also considered the improbability that anyone other than the occupants of the vehicle

placed the contraband in the vehicle, and the improbable nature of the accused's explanation for his journey. *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995).

In this case, appellant and Ables drove up to a Quonset hut that was filled with stolen merchandise at 1:30 in the morning. Appellant's stated reason for being in Mount Vernon was that he was going to Ables's mother's house to spend the night and to help start a garden and clean the yard. He said that when he missed the driveway, Ables told him to go on up to the Quonset hut because she knew some girl that was there and she wanted to see if she was home. Appellant said that he could not understand why Ables would tell the police that they were at the Quonset hut to see Dan because they had heard someone had been arrested. Appellant, who admitted that he had previous felony drug convictions, testified that he told Ables that she needed to clean her car out because he knew that she had been "convicted of crystal meth." He denied knowing that the gloves were in the car and said that when he got in the car, it appeared to have been picked up. However, decisions regarding the credibility of witnesses are for the trier of fact, and the trier of fact is not required to believe any witness's testimony, especially the testimony of the accused since he is the person most interested in· the outcome of the trial. *Hickson v. State*, 50 Ark. App. 185, 901 S.W.2d 868 (1995).

In my opinion, there is substantial evidence to support appellant's convictions. Appellant was driving the car, the drugs were found under his seat, and when asked, he gave an improbable explanation as to why he was at a secured crime scene at 1:30 in the morning.

I dissent, and I am authorized to state that Judges PITTMAN and JENNINGS join in this dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I join in Chief Judge STROUD's dissent. I write only to point out one additional problem with the majority opinion.

The majority appears to rely heavily upon the idea that the car belonged to appellant's passenger; the majority opinion states the proposition as fact more than once. In concluding that the

evidence was insufficient to support a finding that appellant con- structively possessed the methamphetamine found under the seat of a car that appellant was driving, the majority emphasizes that "appellant was in Darlene Ables's car, and [other] methamphetamine was found on her person and not on appel- lant." However, the only evidence that the car belonged to Ms. Ables is found in appellant's own testimony.

This case is unquestionably governed by the substantial evi- dence standard of review. That standard includes as an integral part the rule that we view the evidence in the light most favorable to the appellee, in this case the State. Among other things, view- ing the evidence in the light most favorable to the State means that we consider only that evidence that tends to support the verdict and that we do not weigh it against evidence favorable to the appellant. *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001); *Smith v. State*, 337 Ark. 239, 988 S.W.2d 492 (1999); *Key v. State*, 325 Ark. 73, 923 S.W.2d 865 (1996). Nor do we pass on the credibility of the witnesses; that duty is left to the trier of fact. *Ford v. State*, 75 Ark. App. 126, 55 S.W.3d 315 (2001); *Hickson v. State*, 50 Ark. App. 185, 901 S.W.2d 868 (1995). The trier of fact is not required to believe any witness's testimony, especially that of the accused since he is the person most interested in the outcome of the trial. *Ross v. State*, 300 Ark. 369, 779 S.W.2d 161 (1989); *Hickson v. State, supra*. By accepting appellant's testimony regard- ing ownership of the car as true, the majority has failed to view the evidence in the light most favorable to the State and has mis- applied this court's standard of review.[1]

---

[1] For the reasons stated in Judge Stroud's dissent, my opinion that appellant's conviction is supported by substantial evidence would not change even were I to assume that the car belonged to Ms. Ables. However, to the extent that the majority relies upon such ownership for its decision to reverse, that reliance is misplaced.