Cornell JONES *v.* STATE of Arkansas

.CA CR 02-1241                                    119 S.W.3d 48

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered October 1, 2003

*William H. Craig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. Appellant, Cornell D. Jones, was sentenced to two years' imprisonment in the Arkansas Department of Correction after the trial court revoked his suspended sentence finding that he possessed marijuana with intent to deliver. Appellant argues that the trial court erred in finding, by a preponderance of the evidence, that appellant had violated the terms of his suspended sentence. We agree and reverse.

To revoke probation or a suspended sentence, the burden is on the State to prove a violation of a condition by a preponderance of the evidence, and on appellate review the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Thompson v. State*, 342 Ark. 365, 28 S.W.3d 290 (2000). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and weight to be accorded to the testimony, the appellate court defers to the trial judge's superior position on review of a revocation of probation or a suspended sentence. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002).

The State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002); *Darrough v. State*, 330 Ark. 808, 957 S.W.2d 707 (1997). While constructive possession

can be implied when the contraband is in the joint control of the accused and another, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000). The State must prove some additional factor linking the appellant to the contraband to prove that the appellant exercised care, control, and management over the contraband, and that the individual knew the matter possessed was contraband. *Fultz v. State*, 333 Ark. 586, 596, 972 S.W.2d 222, 226 (1998).

Other factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion or control over it; (5) whether the accused acted suspiciously before or during the arrest. *Bradley, supra*. Possession may be imputed when the contraband is found in a place that is immediately and exclusively accessible to the accused and subject to his control. *Id.* While constructive possession may be established by circumstantial evidence, when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990). We realize that the cases cited for the constructive-possession analysis are cases for conviction, rather than revocation; however, the general analysis is the same with only the burden of proof being different. To the extent that *Palmer v. State*, 60 Ark. App. 97, 959 S.W.2d 420 (1998), indicates that a different analysis applies, it has no precedential value.[1]

On May 10, 2002, Officer Napier with the Fort Smith Police Department was patrolling an area known for trafficking drugs and prostitution. He saw two cars parked side by side, facing opposite directions, in the middle of the street. Officer Napier observed a third vehicle approach the two parked in the roadway. The two vehicles did not yield to the traffic, and the other car

---

[1] *Palmer* was a split decision with three judges affirming and therefore is not entitled to precedential weight. *See France v. Nelson*, 292 Ark. 219, 221, 729 S.W.2d 161, 163 (1987) (citing *Arkansas Writers' Project, Inc. v. Ragland*, 481 U.S. 221, 233, n. 7 (1987) (an affirmance by an equally divided court is not entitled to precedential weight); *Neil v. Biggers*, 409 U.S. 188 (1972) (an affirmance by an equally divided Court is not entitled to precedential weight)).

drove around them. He also witnessed the driver of one car hand something to the driver of the other car. Officer Napier then drove his police unit up behind the car where appellant was a passenger. When he did this, the second vehicle drove away. He waited a moment, and when the car did not move, he turned the blue lights of the unit on, got out of his police unit, walked up to the car and contacted the driver, Marcus Medlock. As he approached the car, he smelled what he thought was the odor of marijuana. The odor was mixed with what smelled like a strong air freshener. His testimony regarding the smell of marijuana was that while he was familiar with the smell of marijuana, he requested the driver's consent to search the vehicle because of his uncertainty regarding whether he was actually detecting the odor of marijuana. He also commented that he was doubting himself and that the air freshener was "messing with" his sinuses.

Officer Napier obtained the driver's consent to search the vehicle and found four sandwich bags of marijuana neatly tucked into the ashtray located on the rear portion of the console between the front seats. Based upon his experience, the marijuana was packaged for sale. The driver and appellant denied knowing there was marijuana in the car. Officer Napier found no evidence of recently smoked marijuana nor any container from which air freshener could have been sprayed.

Kristi Johnson, Mr. Medlock's girlfriend, testified at Mr. Medlock's revocation hearing that the car and marijuana were hers; however, she couldn't identify from whom she had bought it, how much or from where it was purchased, or the last name of the woman she was with when she bought it. She also said that she hadn't smoked any of the marijuana but had left it in the ashtray. Her testimony was admitted at appellant's hearing because she was unavailable as a witness after invoking her Fifth Amendment privilege.

Mr. Medlock's mother also testified that on the night of the incident, she borrowed money from her son to buy cigarettes and that the hand-to-hand transaction that Officer Napier witnessed was his handing her the money.

For reversal, appellant relies on *Walker v. State*, 77 Ark. App. 122, 72 S.W.3d 517 (2002), in which we reversed a conviction for possession of a controlled substance because neither of the two links to appellant raised a reasonable inference that defendant had knowledge of the presence of the contraband. The State argues

that this case is distinguishable because the officer testified that he smelled the odor of marijuana. The State further argues that the smell of marijuana is sufficient to imply knowledge of the presence of marijuana. *Miller v. State*, 68 Ark. App. 332, 6 S.W. 3d 812 (1999).

However, the court in *Miller* reasoned that it is the knowledge of the existence of the contraband that provides substantial evidence of constructive possession. The court in *Miller* relied upon the fact that the officer smelled a very strong odor of burned marijuana upon approaching the vehicle. He further noted the odor of burned marijuana on the driver's person. These facts were held to support the conclusion that appellant in that case had knowledge of the marijuana. Additionally, in *Miller*, the driver of the vehicle testified that the appellant was present in the car when the marijuana was smoked, but did not know that the other two passengers had purchased the cocaine. The court held that the State did not present sufficient evidence of any factor, other than occupancy, to establish constructive possession of cocaine and reversed the conviction for possession of cocaine.

We find *Miller* distinguishable from this case. Here, the officer's testimony regarding the smell of marijuana consisted of the following:

> When I got to the car I noticed a smell coming from inside the car. I *believe* I could smell marijuana coming from inside the vehicle, but what it smelled like someone in the vehicle had done is sprayed some air freshener, I mean just really strong air freshener coming like they had just sprayed inside of the car. That was mixed with *what I believed to be marijuana* inside the vehicle.
>
> . . .
>
> Like I said, it was mixed with the air freshener, so *I was pretty confident that it was marijuana. But then again, I was doubting my own self* because of the air freshener that had been sprayed. It was kind of messing with my sinuses. (Emphasis added.)

The officer later testified on cross-examination that he was not one hundred percent sure that what he smelled was marijuana and that is why he had requested consent to search rather than searching based on probable cause to believe the vehicle contained

contraband. The officer's uncertainty regarding the smell of marijuana does not support the finding of constructive possession.

■ Our supreme court's decision in *Kastl v. State*, 303 Ark. 358, 796 S.W.2d 848 (1990), requires that "there must be some additional link between the accused and the contraband" over and above evidence showing joint occupancy of a vehicle containing the contraband. In *Kastl*, the Arkansas Supreme Court found the State's evidence that there were beer cans beside the vehicle, that beer was found in the immediate proximity of the appellant in the vehicle, and that there was the smell of beer on the appellant's person were not sufficient to establish constructive possession. *See also Cerda v. State*, 303 Ark. 241, 795 S.W.2d 358 (1990) (reversing a criminal conviction where the contraband was not in plain view, on appellant's person, or in his immediate proximity, and appellant was not the owner of the vehicle or in control of it, even though appellant was extremely nervous and he and the joint occupant told conflicting stories).

■ Here, the only link between the accused and the contraband was the possible smell of marijuana. Although the officer was familiar with the smell of marijuana, he was not certain that what he smelled was marijuana. There were no other identifiable factors, such as smoke or ashes, to indicate that marijuana had recently been smoked. The marijuana was not found on appellant's person or with his personal effects, and he did not own the vehicle in question or exercise control over it. Therefore, we find that the evidence is insufficient to show that the appellant constructively possessed the marijuana.

Accordingly, we reverse.

STROUD, CJ., and ROAF, J., agree.

NEAL, J., concurs.

VAUGHT and CRABTREE, JJ., dissent.

OLLIE NEAL, Judge, concurring. I concur in the reversal of this case. I write separately to note that in *Miller v. State*, 68 Ark. App. 332, 6 S.W.3d 812 (1999), we said that "although the marijuana was not in plain view, we believe that the fact that the police officer smelled marijuana upon approaching the vehicle tends to establish that appellant had knowledge of the presence of the

marijuana. It is the knowledge of the existence of the contraband that provides substantial evidence of constructive possession." However, upon further contemplation, I now believe that the language in *Miller, supra,* should read that when the fact that the police officer smelled marijuana upon approaching the vehicle is coupled with the driver's testimony that all the vehicle's occupants knew that the marijuana was in the vehicle, the evidence tends to establish that appellant had knowledge of the presence of the marijuana. It is this knowledge of the existence of the contraband that provides substantial evidence of constructive possession.

LARRY D. VAUGHT, Judge, dissenting. I dissent from the majority's reversal of appellant's revocation. I do so because I believe that we cannot reverse this case without overruling *Miller v. State,* 68 Ark. App. 332, 6 S.W.3d 812 (1999). The majority herein, including the author of *Miller,* pilots the judicial camel through the eye of a needle to distinguish this case from controlling precedent.

The distinction, as I understand it, is that in *Miller* the officer testified that he smelled a strong odor of marijuana, and in this case the officer testified that he smelled an odor of marijuana possibly masked by air freshener. The trial court in its ruling from the bench found the odor to be present, and we defer to the court's determination of credibility. The trial court specifically found that the odor put the appellant on notice of the presence of marijuana, and that coupled with the proximity of appellant to the drugs, this supported a finding of constructive possession.

The appellant in *Miller* was a passenger in the left rear seat of a vehicle occupied by three other people. The only linking factors were the odor of marijuana and the proximity of appellant to the drugs that were found in the pocket (not in plain view) behind the passenger seat, i.e., within reach of both him and the right rear passenger. The decision in *Miller* states:

> When viewed in the light most favorable to the State, we believe the evidence is sufficient to conclude that the jury had substantial evidence from which it could find that appellant constructively possessed marijuana. By way of analogy, we note that had the officer observed the marijuana in plain view inside the vehicle, the evidence would be sufficient to compel the conclusion that appellant constructively possessed the marijuana. Here, although the marijuana was not in plain view, we believe that the fact that the police

officer smelled marijuana upon approaching the vehicle tends to establish that appellant had knowledge of the presence of the marijuana. It is the knowledge of the existence of the contraband that provides substantial evidence of constructive possession.

*Miller v. State,* 68 Ark. App. at 335, 6 S.W.3d at 814.

I see no compelling distinction between the facts at bar and the facts in *Miller.* I certainly see no reason to reverse a trial court's determination *by a preponderance of the evidence* while disregarding a prior holding of this court based on proof beyond a reasonable doubt. If *Miller* is good law, we must affirm. But even if it is distinguishable because of the strength of the odor, and we hold that the smell of marijuana might not be sufficient proof of constructive possession for a criminal conviction, we may still affirm because the State is held to a lesser standard of proof in revocation proceedings, and therefore, constructive possession can be inferred on lesser proof.

The majority chooses to follow the precedent of *Kastl v. State,* 303 Ark. 358, 796 S.W.2d 848 (1990), which reversed a conviction for minor in possession of alcohol where beer was found in close proximity to the appellant and the odor of alcohol was on her person. We are bound to follow supreme court precedent, but the majority in *Miller* ignored *Kastl* even though it was cited and discussed in the dissent. I believe that if we are bound to follow supreme court precedent, we are also bound to conform our case law to it.

I dissent to point out the conflict between our holding in *Miller* and the supreme court's holding in *Kastl,* and because of the lesser standard of proof required in a revocation proceeding.

CRABTREE, J., joins.