McKelly HARRIS, Michael Joe Harris, and Larissa Harris
*v.* STATE of Arkansas

CR 91-114                                          823 S.W.2d 860

Supreme Court of Arkansas
Opinion delivered January 27, 1992

*Gibbons Law Firm, P.A.*, by: *David L. Gibbons*, for
appellant.

*Winston Bryant*, Att'y Gen., *Elizabeth Vines*, Asst. Att'y
Gen., for appellee.

STEELE HAYS, Justice. Michael Joe Harris, his wife, Larissa
Harris, and his brother, McKelly Harris, appeal from judgments
of conviction for aggravated robbery, burglary and, in the case of
Michael and McKelly, felon in possession of a firearm. We affirm
the judgments.

About 8:30 on the evening of March 8, 1990, two armed men
disguised with pantyhose entered the home of Bill and Yvonne
Jones in Atkins. Others present were Scott and Beverly Jones,
and Jerome and Judy Snyder. One of the men, whom the Snyders
recognized as Michael Harris, brandished a .12 gauge shotgun
and the other a chrome-plated .357 magnum pistol. Some $300 in
cash and several personal items were taken. The victims were

ordered to lie on the floor and were bound with grey duct tape. Moments after the gunmen left, Scott Jones and a brother who lived nearby followed and saw the lights of a vehicle stopped on the road leading to Crow Mountain. Two pairs of pantyhose were later found near where the vehicle was stopped. They managed to get close enough to identify a white Chevrolet S-10 pickup driven by a white female with long blond hair accompanied by two white males.

Pope County officers radioed an alert and around ten o'clock officers at Clinton stopped a white S-10 pickup being driven by Larissa Harris. Michael and McKelly Harris were passengers. Michael Harris had $291 concealed in his shorts. A shotgun and a chrome-plated .357 magnum were in the vehicle and cartridges for the pistol were found in McKelly Harris's pockets. Michael, Larissa and McKelly Harris were tried and convicted of the crimes and sentenced to concurrent terms of imprisonment totaling fifty-six years, fifteen years and fifty-six years, respectively.

On appeal, McKelly Harris and Larissa Harris rely upon a common point of error: that the trial court erred in denying a motion for a directed verdict. Michael and Larissa Harris also contend the trial court erred in allowing witnesses to remain in the courtroom, denying their motion to exclude witnesses under "the rule."

I

## MOTION FOR DIRECTED VERDICT

A motion for a directed verdict is a challenge to the sufficiency of the evidence.

> We affirm that trial court's denial of a directed verdict if there is substantial evidence to support the conviction. Substantial evidence is evidence of a sufficient force that it will compel a conclusion one way or another, inducing the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). We review the evidence in the light most favorable to the appellee, considering only the testimony which tends to support a guilty verdict. *Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989). Circumstantial evidence may constitute sub-

stantial evidence. *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989).

*Tarentino* v. *State*, 302 Ark. 55, 785 S.W.2d 584 (1990).

## *McKelly Harris*

The evidence connecting McKelly Harris to the crimes is as follows: the victims were robbed by two white males, one of whom was identified as appellant Michael Harris, McKelly's brother. Three of the victims heard one of the gunmen call the other "Kelly" during the robbery. Some of the victims observed a tatoo of a swastika on the wrist of one of the suspects. Both Michael and McKelly had tatoos resembling a swastika. McKelly was with Michael and Larissa Harris prior to the robbery and the three of them were arrested together about ninety minutes after the robbery. At the time of their arrest both Michael and McKelly Harris were dressed according to the description of the two suspects provided by the victims. McKelly Harris had cartridges from a .357 magnum in his possession and among the contents of the pickup truck were a .12 gauge shotgun, a chrome-plated .357 magnum and grey duct tape. The approximate amount of the money taken in the robbery was recovered from the person of Michael Harris. The evidence, while circumstantial, is entirely sufficient to deny a motion for a directed verdict and submit the issue to the jury.

## *Larissa Harris*

Larissa Harris was convicted as an accomplice to the crimes of aggravated robbery and burglary. While the evidence of her guilt, like McKelly Harris, is circumstantial rather than direct, that is sufficient if substantial. *Gillie* v. *State*, 305 Ark. 296, 808 S.W.2d 320 (1991).

Michael Harris testified at trial. While he denied much of the state's evidence, he admitted being at the Jones residence on March 8, 1990, and striking both Scott Jones and Jerome Snyder. He acknowledged that it was Larissa who was driving the pickup. There was other testimony that Larissa was with Michael and McKelly at various times during the day, that her hair at that time was long and blond. Moments after the incident two of the victims saw the S-10 pickup near the scene driven by a white

female with long blond hair with two white males as passengers. Larissa Harris was driving the pickup some ninety minutes later when the trio was arrested at Clinton. A shotgun and chrome-plated .357 magnum identified as weapons used in the robbery were in the truck, as well as grey duct tape similar to that used to bind the victims. Additionally, the S-10 was registered in the name of Larissa Harris and the .12 gauge shotgun had been purchased by her. The verdicts as to the guilt of Larissa Harris as an accomplice are supported by substantial evidence.

## II

At trial the defendants asked for the exclusion of witnesses. Ark. R. Evid. 615. On appeal, Michael and Larissa Harris argue that all six individuals present at the robbery should not have been permitted to remain in the courtroom.

The state relies on Ark. R. Evid. 616:

> Right of victim to be present at hearing. Notwithstanding any provision to the contrary, in any criminal prosecution, the victim of a crime, and in the event that the victim of a crime is a minor child under eighteen years of age, that minor victim's parents, guardian, custodian or other person with custody of the alleged minor victim shall have the right to be present during any hearing, deposition, or trial of the offense.

Appellants argue that not all of the individuals present when the robbery occurred were victims. We disagree. In summary, the proof was that money was taken from some of the victims, two were struck with the guns when they did not respond quickly enough, all were threatened with death if they withheld any money, and all were ordered to lie on the floor where their hands were bound behind them.

Aggravated robbery occurs when robbery is committed by one who is armed or pretends to be or who inflicts or attempts to inflict death or serious physical injury. Ark. Code Ann. §§ 5-12-102—103 (1987). Robbery does not require that each victim, or even one victim, be deprived of property. As appellants concede, robbery has been redefined under Arkansas law by shifting the emphasis from the taking of property to the threat, express or implied, of physical harm to the victim. It is plain enough that

154

these individuals were victims within the meaning of Rule 616.

Affirmed.