Calvin PORTER *v.* STATE of Arkansas

CR 96-1477                                      964 S.W.2d 184

Supreme Court of Arkansas
Opinion delivered March 5, 1998

*Curtis L. Bowman,* for appellant.

*Winston Bryant,* Att'y Gen., by: *O. Milton Fine, II,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Calvin Porter, was convicted of capital murder and sentenced to die by lethal injection. We affirmed the conviction and sentence in *Porter v. State,* 321 Ark. 555, 905 S.W.2d 835 (1995). Porter subsequently sought a stay of the mandate while he petitioned the Supreme Court for a writ of certiorari. We granted the stay on October 23, 1995.

The Supreme Court denied certiorari in *Porter v. Arkansas,* 116 S.Ct. 1329 (1996), on March 25,1996. Consequently, this court issued the mandate from the direct appeal on April 1, 1996.

Porter sought postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. He filed his petition in the Jefferson County Circuit Court on June 17, 1996. The State responded with a motion to dismiss in which it argued that the Circuit Court did not have the jurisdiction to grant relief because Porter's petition was filed more than sixty days after the issuance of the mandate. The Circuit Court dismissed Porter's petition as untimely. Porter now appeals that order. We remand the case for a hearing in order to determine whether Porter had an attorney at the time the Clerk issued the mandate, and if not, whether he mistakenly relied on that fact.

In this appeal, Porter contends that his petition should not be considered untimely because he did not receive "actual notice" from the Clerk of the Supreme Court or from the Jefferson County Circuit Clerk that the appellate mandate was issued on April 1, 1996. He argues that due process requires this Court to change its practice in order to insure that the appellant receives actual notice of the issuance of the mandate. We decline to change the practice of issuing the mandate directly from this Court to the Clerk of the Circuit court that entered the judgment of conviction. We have previously noted that it is incumbent on a convicted defendant to determine when the judgment is entered

before filing a notice of appeal. *Doyle v. State*, 319 Ark. 175, 890 S.W.2d 256 (1994).

The aspect of this case that concerns us, however, is the absence of facts that indicate how Porter became aware of the issuance of the mandate, and if the delay in his awareness of the issuance was in any way related to the unique circumstances surrounding the status of his legal representation at that time. Specifically, Porter's brief indicates that the Director of the Arkansas Capital Resource Center, Al Schay, represented Porter before the Supreme Court. While Porter's petition for a writ of certiorari was pending, however, funding for the Arkansas Capital Resource Center was terminated. Under these circumstances, it may well be that Mr. Schay's representation of Porter ended when the funding for the Resource Center ceased, and that Porter did not have an attorney at the time the mandate was issued. More importantly, it may well be the case that the delay in filing Porter's petition was caused by his belief that Mr. Schay, as his attorney, would notify him of the disposition of his certiorari petition and the issuance of the mandate and would file the necessary Rule 37 petition.

The importance of determining the status of Porter's legal representation at the time the mandate was issued is highlighted by our new Rule 37.5 relating to death sentences. *See In Re: Adoption of Rule 37.5 of the Rules of Criminal Procedure*, 329 Ark. 641 (1997). Had Rule 37.5 been in effect, Porter would have been called before the Circuit Court within 21 days of the mandate's issuance and the availability of counsel for Rule 37 purposes would have been assessed by the Circuit Court.

■ Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1997) (Arkansas Effective Death Penalty Act of 1997), where the General Assembly expressly noted that the purpose of the Act was to comply with federal law by instituting a comprehensive state court review. Ark. Code Ann. § 16-91-204 (Supp. 1997). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. Therefore, in death cases where a Rule 37 petition is denied on procedural grounds,

great care should be exercised to assure that the denial rests on solid footing.

 Accordingly, we remand this case for a hearing in order to develop facts surrounding the status of Porter's legal representation on April 1, 1996, and his understanding regarding the status of that representation.

Remanded.