Buckie Allan MILLS *v.* STATE of Arkansas

CR 02-67 95 S.W.3d 796

Supreme Court of Arkansas
Opinion delivered January 23, 2003

*Henry & Cullem, LLP*, by: *Mark Murphy Henry*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Buckie Mills was convicted of the kidnapping and rape of an eleven-year-old girl, and sentenced to thirty years in prison for

kidnapping and to life in prison for raping her, with both terms to run consecutively. On appeal, he challenges the sufficiency of the evidence to support the convictions, and he claims that the trial court erred in failing to properly instruct the jury on the kidnapping count. The points raised on appeal are without merit. We affirm.

On April 6, 2000, an eleven-year-old girl, D.W., was riding her bicycle to school when she was approached by a white male riding a bicycle. The man grabbed D.W. and brandished a knife, stating that if she tried anything, he would slit her throat. He told her he was taking her with him because people were trying to kill him. She was then taken for a fifteen-minute ride on her bicycle to an area located off the main road and near the Arkansas River in Sebastian County.

After reaching the secluded location by the river, the man pushed the girl to the ground and tried to spread her legs open. When she resisted, he pulled her pants and underwear down and put her shirt over her face. Then, he penetrated D.W.'s vagina with his fingers and penis. After D.W. told the man that she had to go to school, he got on his bicycle and left. At that point, she pulled her pants up and tried to find her way back home. However, she became confused and had to stop and ask for directions. D.W. finally got home and reported the incident to her parents. Her father notified the police immediately.

The same day, D.W.'s story aired on the local evening news. As a result of the television coverage, the Fort Smith Police Department received numerous phone calls from potential witnesses. Some of the phone calls pointed to the appellant, Buckie Allan Mills, as a suspect. When police officers arrived at his home, Mills was seen running out the back door. He was stopped a few blocks away and agreed to be interviewed. Mills denied any knowledge of or involvement in the crime.

The police continued to investigate Mills as a primary suspect, and he was eventually identified by the victim and several other witnesses in a photo line-up. Mills was then charged with rape and kidnapping. A Sebastian county jury convicted him on both charges. Mills now appeals, challenging the sufficiency of

the evidence to support the convictions and claiming that the trial court erred in failing to properly instruct the jury on the kidnapping count.

### 1. Sufficiency of the Evidence

As to his first point on appeal, Mills contends that the trial court erred in refusing to direct a verdict in his favor. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Miles v. State*, 350 Ark 243, 85 S.W.3d 907 (2002); *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001). The test for such motions is whether the verdict is supported by substantial evidence, direct or circumstantial. *Miles v. State*, 350 Ark 243, 85 S.W.3d 907. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* On appeal, we review the evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict. *Id.*

At trial, several witnesses testified on behalf of the State. Three police officers testified that the victim, D.W., was able to give a detailed description of her assailant that matched Mills. According to the officers, she was also able to identify the crime scene. One officer related that in developing Mills as a suspect, two people called in and identified Mills by name. Furthermore, one officer testified that the victim identified Mills as her assailant from a photographic line-up.

D.W. also testified on behalf of the State. She gave a detailed recitation of the events leading up to the crimes. She said that the perpetrator grabbed her, showed her a knife, and told her that he would slit her throat if she tried anything stupid. Then she was taken on a 10 to 15 minute bike ride to the river where Mills told her to get off her bike because they were going to make love. D.W. explained how Mills pulled down her pants and panties and put her shirt over her head. She testified that Mills penetrated her vagina with his fingers and his penis. According to D.W., the perpetrator got up and left when she told him she had to go to school. After Mills left, she pulled her pants up and tried to get home as fast as she could. On the way home, D.W. stopped to ask

directions because she was lost. When she finally got home, she reported the incident to her mother. In her testimony, D.W. described what the perpetrator was wearing and his physical characteristics. She also recounted her initial identification of Mills at a photo line-up, and she unequivocally identified Mills from the stand as her assailant.

Two other witnesses testified about seeing Mills in the area of the crime. Rita Green saw Mills on a dark bike in the vicinity of the crime. She identified him at a photo line-up and again at trial. Roy Whitfield saw two people riding bikes on the same path where D.W. was taken; one of them was a man holding the handlebars on a little girl's bike. Mr. Whitfield had also identified Mills from a photo line-up as a person who "favored" the perpetrator. A third witness, Randy Whitlock, testified that he encountered a young girl who was crying and asking for directions.

Additionally, two of the defendant's friends testified about certain admissions he made to them. According to Donald Mizer, Mills told him that he had done something very wrong. Specifically, Mills told Mizer that he saw a little girl on a bicycle going to school. He grabbed the handlebars on the girl's bicycle and showed her a knife. Then, he took her to the woods and told her to take off her clothes. The other friend, Jerry Thompson, testified about Mills telling him that he "took a girl to the river and tried to put it in, but it would not fit."

In Arkansas, a person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of inflicting physical injury upon him, or for engaging in sexual intercourse, deviate sexual activity, or sexual contact with him. Ark. Code Ann. § 5-11-102 (Repl. 1997). Kidnapping is a Class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, it is a class B felony. Ark. Code Ann. § 5-11-102(b) (Repl. 1997). A person commits rape in Arkansas if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103 (Repl. 1997).

 Mills cites *Gregory v. State*, 341 Ark. 243, 15 S.W.3d 690 (2000), for the proposition that a conviction based on circumstantial evidence must exclude every other reasonable hypothesis other than that of the guilt of the accused. Evidence that comes from witnesses who testify to what they saw, heard or experienced is direct evidence. *See* AMI Crim. 2d 106. Circumstantial evidence is evidence that allows a fact to be established by inference from other facts in the case. *Id.* In the instant case, there was direct evidence in the form of the victim's own testimony. She unequivocally identified Mills as the perpetrator. Thus, *Gregory v. State, supra*, is inapposite.

 Next, without citation to legal authority, Mills contends that the appellate court "must review the quality and substance of all witness testimony, including the victim's testimony." We first note that this court will not entertain an argument where there is no citation to authority or convincing legal argument. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002). In any event, such a contention is contrary to our well-established standard of review. The credibility of witnesses is an issue for the jury and not this court. *Sanford v. State*, 331 Ark. 334, 962 S.W.2d 335 (1998). On appeal, we review the evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict. *Miles v. State, supra.*

 With regard to the rape conviction, the State properly points out that the testimony of a rape victim alone is sufficient to support a conviction. *Laughlin v. State*, 316 Ark. 49, 872 S.W.2d 848 (1994). In this case, D.W.'s testimony, including her in-court identification of the defendant, is alone sufficient evidence to support the rape conviction. Moreover, the testimony of at least four other witnesses linked Mills to the kidnapping and rape.

 Mills also suggests the evidence established by a preponderance of the evidence that the victim was released alive and in a safe place. As stated earlier, in order for kidnapping to be reduced from a class Y felony to a class B felony, the defendant must show by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial. Ark. Code Ann. § 5-11-102(b). Here,

the evidence shows that after being sexually assaulted, D.W. was left in the woods and that she was scared, lost, and confused. We agree with the trial court that a fact question existed for the jury to decide which of the felonies applied. *See Jameson v. State*, 333 Ark. 128, 970 S.W.2d 785 (1998). The jury found that Mills failed to prove by a preponderance of the evidence that he released D.W. alive and in a safe place. Once again, it is not within this court's province to try issues of fact. *Sanford v. State, supra.* In sum, there was sufficient evidence to support the jury verdict convicting Mills of rape and kidnapping as a class Y felony.

### 2. Jury Instructions — Kidnapping

Mills's second point on appeal is two-fold. First, he contends that the trial court erred in refusing to submit the kidnapping charge as a class B felony to the jury. "Kidnapping is a Class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, it is a Class B felony." Ark. Code Ann. § 5-11-102(b). Mills states that the jury was not allowed to decide whether the victim was released alive and in a safe place. That assertion is not supported by the record.

The verdict form signed by the jury reads as follows:

We, the jury, find beyond a reasonable doubt that Buckie Mills is guilty of kidnapping and we further find that he has not proved by a preponderance of the evidence that he released the victim alive and in a safe place prior to trial.

The jury made two separate findings: (1) Mills was guilty of kidnapping; and (2) Mills did not prove by a preponderance of the evidence that he released the victim alive and in a safe place. Thus, any error asserted about the trial court failing to present the issue of the victim's voluntary release to the jury is wholly without merit, because the issue was both placed before, and decided by, the jury.

For his second argument, Mills claims a preponderance of the evidence proved that the victim was released alive and in safe place. We have already addressed this contention, which appears to be another challenge to the sufficiency of the evidence.

There was substantial evidence, as set out earlier in this opinion, to support the jury's finding that Mills failed to establish by a preponderance of the evidence that he released his victim in a safe place. The eleven-year-old victim was left in the woods at a secluded location by the Arkansas River. Furthermore, she got lost trying to find her way home.

For the foregoing reasons, the convictions and sentences are affirmed. The record has been reviewed for other reversible error, as required by Supreme Court Rule 4-3(h), and none has been found.

Affirmed.