Raymond C. SANDERS, JR. *v.* STATE of Arkansas

CR 01-95                                  102 S.W.3d 480

Supreme Court of Arkansas
Opinion delivered April 10, 2003

*Jeff Rosenzweig,* for appellant.

*Mike Bebee,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

P ER CURIAM. This is a death case. Sanders's death sentence was 'affirmed by direct appeal to this court. *Sanders v. State*, 318 Ark. 328, 878 S.W.2d 391 (1994). Appellant Raymond C. Sanders, Jr., through his attorney, Jeff Rosenzweig, now petitions for rehearing or clarification of this court's recent opinion of February 13, 2003, reversing the judgment of the circuit court denying Sanders a Rule 37 hearing. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). Sanders claims in his rehearing petition that this court denied his request for appointment of counsel for the evidentiary hearing on remand on the basis that he was already represented by competent counsel. He maintains, however, that his counsel served without compensation at the trial level. He further contends that in order to comply with Ark. R. Crim. P. 37.5, appointment of counsel is required.

We noted in our recent *Sanders* opinion, the policy behind Rule 37.5 and Sanders's status regarding representation by counsel:

> As a final note, Appellant asks this court to make a determination of whether the protections of Rule 37.5 should be applied to him in this case. Rule 37.5, which became effective on August 1, 1997, provides the method for pursuing postconviction relief in death-penalty cases. The rule evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp.1999), where the General Assembly expressly noted that the intent of the Act is to comply with federal law by instituting a comprehensive state-court review. *See* section 16-91-204; *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998) (*per curiam* ). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. *Id.* Appellant recognizes that the rule is inapplicable to his case, because he became eligible to file his Rule 37 petition prior to the effective date of Rule 37.5. *See* Rule 37.5(k). He argues, though, remanding his case without providing him counsel under Rule 37.5 amounts to a denial of equal protection in violation of the Fourteenth Amendment and Article 2, § 18, of the Arkansas Constitution. Although this court in *Wooten*, 338 Ark. 691, 1 S.W.3d 8, addressed the application of the principles of Rule 37.5 to a petition filed before the rule's effective date, we are unaware of such a need in the instant case. It is apparent from the record before us that Appellant is already represented by qualified counsel; thus, any discussion of appointing counsel pursuant to Rule 37.5 is moot.

*Sanders*, 352 Ark. at 28-29, 98 S.W.3d at 43.

The issue now presented to this court is a payment issue. Counsel for Sanders advises this court that he is not retained counsel but has served *pro bono publico*. He also indicates that failure to be formally appointed counsel under Rule 37.5 procedure would jeopardize protection against multiple federal *habeas corpus* proceedings in this case. It is true that Sanders's eligibility to file a Rule 37.5 petition predates the effective date of the rule. Nevertheless, this court has afforded Rule 37.5 protections to similarly situated petitioners where there was some procedural defect. *See, e.g., Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2001) (failing to meet stringent filing deadlines for Rule 37 review not dispositive of case when appellant believed he was represented by counsel and was not); *Porter v. State*, 339 Ark. 15, 2 S.W.3d 73 (1999) (pre-Rule 37.5 case; Rule 37 petition was late due to confusion over representation by counsel; held good cause was established "in the narrowest of instances where the death penalty was involved.").

We direct the circuit court to commence proceedings to determine appointment of counsel in this matter pursuant to Ark. R. Crim. P. 37.5.