Ricky GAMBLE and Shawn Mosley *v.* STATE of Arkansas

CA CR 02-965                                    105 S.W.3d 801

Court of Appeals of Arkansas
Division III
Opinion delivered May 21, 2003

*William R. Simpson, Jr.*, Public Defender, and *Sharon Kiel*, Deputy Public Defender, by: *Clint Miller*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. After a bench trial, each of the appellants, Ricky Gamble and Shawn Mosley, was convicted of being a felon in possession of a firearm, a Class B felony. Gamble was sentenced to six years' imprisonment as a

habitual offender with four or more felony convictions, and Mosley was sentenced to five years' imprisonment. For reversal, appellants argue that the there was insufficient evidence that either appellant constructively possessed a firearm.

Appellants were passengers in an automobile driven by Kendal Wheeler when Little Rock police officers stopped the car for displaying a fictitious license plate. On two earlier attempts to perform the traffic stop, the police turned on their blue lights only to have the car pull over and then drive away. After appellants were handcuffed, the officers inventoried the contents of the car in compliance with a police departmental policy requiring impoundment of vehicles displaying fictitious license plates.

The only testimony introduced at trial on April 1, 2002, was the testimony of four police officers. Officer Sean Berryman testified that Gamble was located in the front passenger seat and Mosley was located in the back seat on the passenger side of the vehicle. Further, he stated that when he and Officer Self first attempted to initiate a traffic stop, he saw Mosley bend over a couple of times. Officer Greg Self also testified that Gamble was in the front passenger seat and Mosley was in the back passenger seat when the officers stopped the vehicle.

Roger Wallis, an officer who arrived after the stop, testified that during his search of the car, he retrieved a .357 magnum handgun from underneath the front passenger seat of the car. He further stated that the handgun was not in plain view but was located "kind of over to the driver's side somewhat." Officer Christian Sterka testified that after the stop, Mosley was taken to the police vehicle and placed in the back seat. Officer Sterka stated that Mosley gave several different dates for his birth and identified himself repeatedly as Anthony Rogers. Accordingly, Sterka was unable to identify Mosley until his sister called on his cellular telephone and asked to speak to her brother, Shawn Mosley. Furthermore, Sterka stated that the back seat of the car was not securely fastened and when he lifted the seat he found a Lorcin .380 semi-automatic handgun.

At the close of the State's case-in-chief, appellants made a motion to dismiss, asserting that the State failed to prove that either appellant had constructively possessed a firearm. Appellants rested without presenting evidence and renewed their motion to

dismiss, which was again denied, and the trial court found both guilty as charged.

For their sole point on appeal, appellants argue that the State failed to produce substantial evidence that each appellant constructively possessed a firearm. Appellants argue that as joint occupants of the vehicle, their close proximity to the location of the handguns found under the front and rear passenger seats does not provide substantial evidence that either appellant possessed a handgun. They further note that the handguns were not located in their personal possessions or in plain view. Appellants argue that the evidence did not establish that either of them had a right to control the vehicle or that any relationship existed between either of them and the driver of the vehicle. Thus, appellants assert there was no evidence from which it could be inferred that they had knowledge of the handguns. Additionally, Mosley, the passenger in the backseat, argues that the State's evidence that he had bent over on at least two occasions while the police were attempting to stop the vehicle was not suspicious behavior.

A motion to dismiss in a non-jury trial is a challenge to the sufficiency of the evidence. *Green v. State*, 79 Ark. App. 297, 87 S.W.3d 814 (2002). Our standard of review is well settled: "The test for such motions is whether the verdict is supported by substantial evidence, direct or circumstantial. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture." *Goodman v. State*, 74 Ark. App. 1, 7, 45 S.W.3d 399, 402-03 (2001). When reviewing a denial of a challenge to the sufficiency of the evidence, the appellate court considers only the evidence that supports the judgment and affirms if that evidence is substantial. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002).

Constructive possession requires the State to prove beyond a reasonable doubt that (1) the defendant exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Boston v. State*, 69 Ark. App. 155, 12 S.W.3d 245 (2000). Although constructive possession can be implied when the contraband is in the joint control of the accused and another, joint occupancy alone is not sufficient to establish possession. *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993). Other factors that sufficiently link an accused to contraband found in a vehicle jointly occupied by more than one per-

son include: (1) whether the contraband was found in plain view; (2) whether the contraband was found on the defendant's person or with his personal effects; (3) whether the contraband was found on the same side of the car seat as the defendant or in immediate proximity to him; (4) whether the accused owned the vehicle in question or exercised dominion and control over it; (5) whether the accused acted suspiciously before or during the arrest. *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

■ Here, the evidence established that Gamble was seated in the front passenger seat with Mosley seated in the rear of the car. The testimony of Officer Wallis established that a .357 magnum handgun was found under the passenger seat; however, the handgun was more accessible to the driver than to appellant Gamble. It is undisputed that Gamble neither owned the vehicle in question nor exercised control over it. Further, there was no evidence that Gamble acted suspiciously before or during the arrest. Even though the handgun was found on the same side of the car as Gamble, it was more accessible to the driver; therefore, this factor does not establish that appellant had knowledge of the presence of the handgun. This court has previously held that a defendant's mere proximity to an item not in plain view is not proof that the defendant constructively possessed the item. *Walker v. State*, 77 Ark. App. 122, 72 S.W.3d 517 (2002). We reach the same conclusion here. Therefore, we hold that there was not substantial evidence that Gamble constructively possessed the handgun under the front passenger seat. Thus, we reverse and dismiss with regard to Gamble.

We now address the evidence presented to support Mosley's conviction. The evidence established that he was sitting in the back seat on the passenger side of the car. Officer Sterka testified that after noticing the back seat was not securely fastened, he lifted the seat and found a Lorcin .380 semi-automatic handgun. Officer Sterka also noted that when the officers attempted to determine Mosley's identity, he gave several different dates of birth and repeatedly identified himself as Anthony Rogers. Mosley was not identified until his sister called his cellular phone and asked to speak to her brother, Shawn Mosley. Officer Berryman testified that Mosley bent over a couple of times from the time the officers first attempted to pull the vehicle over and the time of the traffic stop.

■ As stated above, the close proximity of Mosley to the handgun found by the officer when he lifted the back seat is insuf-

ficient in a joint occupancy situation to find that Mosley constructively possessed the handgun. *See Littlepage, supra.* However, whether Mosley acted suspiciously during or after the arrest can be an additional factor linking him to the handgun. *See Plotts, supra.* Mosley's act of giving a fictitious name and several different dates of birth and his act of bending over in his seat repeatedly during the driver's attempt to evade the officers constitute, at a minimum, suspicious behavior. Mosley's close proximity to the handgun, coupled with his suspicious behavior on two occasions, is clearly indicative of constructive possession. *Polk, supra.* Commensurate with the holdings in *Polk* and *Plotts,* we cannot say that the trial court erred in determining that there was substantial evidence to support appellant Mosley's conviction for being a felon in possession of a firearm.

Reversed and dismissed as to appellant Gamble and affirmed as to appellant Mosley.

Bird and Roaf, JJ., agree.