Raymond C. SANDERS, Jr. *v.* STATE of Arkansas

CR 91-122 285 S.W.3d 630

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Jeff Rosenzweig,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Petitioner Raymond C. Sanders, Jr., was found guilty of two counts of capital murder in the Circuit

of Grant County on change of venue from Hot Spring County. We affirmed the guilty verdict but remanded the matter for resentencing. *Sanders v. State*, 308 Ark. 178, 824 S.W.2d 353 (1992). Petitioner was again sentenced to death, and we affirmed. *Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994), *cert. denied*, 513 U.S. 1162 (1995).

Subsequently, petitioner timely filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The petition was denied without a hearing. We reversed and remanded on the ground that petitioner was entitled to a hearing on claims arising from the fact that he was represented at trial by attorney William Murphy who was later indicted, along with the Dan Harmon, the prosecutor in petitioner's case, on charges of racketeering and conspiracy. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003), opinion on rehearing, 352 Ark. 520, 102 S.W.3d 480 (2003).

Petitioner states that in the Rule 37 hearing held April 14-16, 2008, there were two matters raised that were not cognizable under Rule 37 but which could be raised in a coram nobis proceeding. The court accelerated the preparation of a partial record so that petitioner could proceed here with the instant petition to reinvest jurisdiction in the trial court.[1] The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

The two grounds advanced by petitioner are: (1) that there was material evidence withheld by the prosecution in that a deal between the prosecution and Eddie Watkins, a witness at petitioner's trial, was not disclosed; (2) Eddie Watkins has recanted his testimony against petitioner and admitted to having perjured himself at petitioner's trial.

Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984), (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its

---

[1] For clerical purposes, the instant petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis was assigned the same docket number as the direct appeal of the judgment.

approval. *Larimore v. State*, 341 Ark. 397, 17 S.W.3d 87 (2000). For the writ to issue following the affirmance of a conviction, the petitioner must show a fundamental error of fact extrinsic to the record. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). We have held that a writ of error coram nobis was available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Pitts*, 336 Ark. at 583, 986 S.W.2d at 409.

■ Petitioner's first claim falls within the category of evidence wrongfully withheld by the prosecution, which constitutes a violation of his right to due process as guaranteed by *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner also relies on *Giglio v. United States*, 405 U. S. 150 (1972), on the ground that nondisclosure by the prosecution of a promise to a witness that the witness would not be prosecuted in exchange for his testimony is a due process violation that merits a new trial.

There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Larimore*, 341 Ark. at 404, 17 S.W.3d at 91. To merit relief, the petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *See Larimore*, 341 Ark. at 408, 17 S.W.3d at 94.

■ Here, petitioner contends that a rape charge pending against Watkins was dismissed shortly before his testimony and that Watkins asserted under oath in an in camera proceeding and before the jury that the dismissal of the rape charge had no effect on his

testimony. Petitioner further contends that the prosecution did not contradict Watkins's assertions. He avers that in examining the case file on Watkins's rape charge, a document was located granting full immunity to Watkins conditioned on his testimony in petitioner's case and that this document did not appear in the file for petitioner's case. Petitioner states that Watkins testified at the Rule 37 hearing that he had lied when he said petitioner confessed to him, that he had no deal with prosecutors, and that he had been threatened by the prosecution with being charged as an accomplice to petitioner if he did not testify against him. Harmon testified at the hearing that there was indeed a deal made with Watkins. As Watkins's testimony at petitioner's trial was significant and the defense could have impeached that testimony had it known of a deal, we find good cause to grant leave for petitioner to proceed in circuit court with a petition for writ of error coram nobis on the claim that he was denied due process by the prosecution's failure to reveal a deal between Watkins and the prosecution.

We decline to grant leave to proceed with respect to the second allegation raised by petitioner that Watkins recanted his testimony. The claim of a recantation of testimony is not cognizable in an error coram nobis proceeding. *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940); *see also Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990).

Petition granted in part and denied in part.

IMBER, J., not participating.