

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–1139

| | |
|---|---|
| JHON HARRIS **APPELLANT** | **Opinion Delivered:** September 3, 2014 |
| V. | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. CR-2012-29] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE LARRY W. CHANDLER, JUDGE |
| | AFFIRMED |

## RHONDA K. WOOD, Judge

A jury convicted Jhon Harris of aggravated robbery, theft of property, possession of a defaced firearm, simultaneous possession of drugs and firearms, and possession of methylphenidate with intent to deliver. On appeal, Harris contends that the circuit court erred when it denied Harris's motion for a directed verdict on the possession-of–methylphenidate count and that the circuit court committed prejudicial error by permitting the victims to remain in the courtroom during the trial. We find no error and affirm.

We first address Harris's contention that the court erred in denying his motion for directed verdict. Harris argues that because the State failed to send the stolen pills to the Arkansas State Crime Lab for chemical testing, there was insufficient evidence as a matter of law. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Carruth v. State*, 2012 Ark. App. 305. This court has held that in reviewing a



challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Ali v. State*, 2011 Ark. App. 758. We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

The State alleged that Harris stole methylphenidate from a Walgreen's pharmacy. During the trial, there was ample testimony to support that allegation. First, pharmacy technician Sallie Reeves testified that Harris threatened her with a gun and forced her to allow him access to a locked cabinet where Schedule II drugs were stored. She stated that he had her hold a bag as he searched and took drugs that were specifically marked as opiates.

Second, pharmacist Valerie Jones testified that she observed Harris examine each separate case in the cabinet carefully, select specific bottles of medication, specifically grab the methylphenidate, grab the black trash bag he was using and exit the store. She testified she filed a loss report with the Drug Enforcement Administration, which itemized the missing medications and set forth the milligrams and calculated grams of each missing drug. This report was admitted into evidence at trial. The report listed two bottles of pills containing ten and twenty milligrams of methylphenidate as missing for a total of 129 tablets of that drug.

Last, a local business owner testified that she observed Harris running on her property near the corner of Walgreen's and immediately found the trash bag containing



the pills. An officer stated that the trash bag included, among other things, two bottles of pills in the original packaging labeled as ten and twenty milligram methylphenidate pills.

The above testimony is substantial evidence that Harris possessed methylphenidate. Our supreme court has held that circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Edmond v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003). Here, the evidence compels a conclusion that Harris possessed the drugs without requiring the fact-finder to resort to speculation or conjecture, and we affirm on this point.

Next, Harris contends that the circuit court committed error by allowing two witnesses to remain in the courtroom during the trial. The court refused to sequester Valerie Jones and Sallie Reeves, the pharmacist and pharmacy technician Harris held at gunpoint. The court found that they were both victims of the crime of aggravated robbery and that, under Arkansas Rule of Evidence 616, they were allowed to be present during the trial of the offense. Harris argues that there is only one victim of the armed robbery and that that victim is the pharmacy itself.

This argument is without merit. Arkansas Rule of Evidence 616 (2013) provides exceptions to the rule of witness seclusion, which includes that the victim of a crime may remain in the courtroom. Harris committed armed robbery by committing robbery while armed with a deadly weapon. Ark. Code Ann. § 5-12-103 (Repl. 2013). In *Harris v. State*, the defendant made a similar argument contending that although he had a gun and robbed several individuals within a home, that those present who had not been robbed were not victims and must be excluded from the courtroom. 308 Ark. 150, 153, 823 S.W.2d 860,

863 (1992). The court explained that Arkansas law has shifted the emphasis in these cases away from the deprivation of property and instead to the threatened harm. *Id*. The court held that all the individuals had a gun aimed at them and were thus "victims" regardless of whether they were actually robbed. *Id*.

Similarly, Harris threatened both Jones and Reeves with a gun in order to gain possession of drugs that were under their control. We hold that the court correctly designated Jones and Reeves as victims and affirm the circuit court's decision to let them remain in the courtroom. Even if the court improperly characterized them as victims, we will not reverse absent a showing of prejudice. *Clark v. State,* 323 Ark. 211, 913 S.W.2d 297 (1996). Here, Harris shows no prejudice.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.