Howard W. Brill, Chief Justice, dissenting. Because the circuit court did not make •adequate written findings of fact and conclusions of law on Roberts’s competency to waive his postconviction proceedings, I respectfully dissent.' Accordingly, I would reverse and remand with instructions. [ml. Facts The following facts are critical to my analysis and largely overlooked by the majority. In Roberts v. State, 2013 Ark. 57, 426 S.W.3d 372, this court granted Roberts’s motion to reopen proceedings and reinvest the circuit court with jurisdiction to determine Roberts’s competency to waive his postconviction rights because the circuit court had previously relied on mental-health evaluations that were over three years old. We reopened the proceedings and held that the circuit court had failed to make a proper determination regarding Roberts’s competency to waive his rights to postconviction relief. -Id. Roberts filed a petition for postconviction relief and a substituted petition in which he made seventeen claims of ineffective assistance of counsel. After filing a verified Rule 37 petition in the circuit court, Roberts purported to waive postcon-viction review. Before the circuit court’s hearing on the Rule 37 petition, Roberts filed a prehearing brief requesting specific findings of fact and conclusions of law on the following six points: (1) whether his incompetency to waive under Rees v. Peyton, 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966) (per curiam) (establishing a two-prong inquiry when a death-sentenced defendant seeks to waive post-conviction remedies); (2) whether his waiver was illness-driven and thus involuntary; (3) whether he was incompetent based on this court’s standard articulated in Franz v. State, 296 Ark. 181, 754 S.W.2d 839 (1988) (adopting the Arkansas standard for a death-sentenced defendant who seeks to waive any and all rights to an appeal) (overruled on other grounds); (4) whether he made his waiver knowingly and intelligently; (5) whether his waiver should |nbe disallowed based on the solid-footing doctrine; and (6) whether this court should require a mandatory review of postconviction proceedings. On September 18, 2013, the circuit court conducted a hearing to determine how Roberts wished to proceed. At the hearing, the circuit court stated that Roberts’s counsel presented to the court copies of correspondence, dated May 10, 2013, that Roberts had sent to United States District Judge Riehard Kopf purporting to waive his postconviction proceedings. The circuit court stated that Roberts would take the stand to answer questions about the May 10, 2013 letter and to indicate to the court “what- his wishes [were] and how he wishe[d] to proceed.” After the circuit court and counsel had the opportunity, to ask Roberts questions about his letter to Judge Kopf, the circuit court ruled- that, per our directive in Roberts, 2018 Ark. 57, 426 S.W.3d 372, Roberts must undergo a current evaluation for the circuit court to make a determination- of whether he had made a knowing and intelligent waiver .of Rule 37 proceedings. On December 29, 2014, the circuit court held a hearing on Roberts’s competency to waive further-postconviction relief. At the hearing, Dr. Mark Peacock, a forensic psychologist from the Arkansas State Hospital, testified that he had conducted an evaluation of Roberts on January 29, 2014. Dr. Peacock testified that Roberts produced two clinical scale elevations in depression and suicidality and that Roberts had been diagnosed with schizophrenia. Dr. Peacock also testified that Roberts seemed suspicious at times, during the interview and that Roberts had experienced hallucinations but that he . appeared Inadequately groomed and “could discuss things rationally at times.” According to his evaluation report, Dr. Peacock concluded that Roberts expressed and discussed both rational and irrational bases to his decision for seeking a waiver of further post-conviction relief and legal representation. His basic factual appreciation for the appeals process and bases for an appeal were intact and he was able to provide strong reasons, and [sic] which did not appear grossly colored by mental illness, for not desiring any further pursuit of relief in his case and for being put to death. However, he also discussed a desire to halt the daily harass- ' ment and personal monitoring by prisoners arid prison staff as. a factor in his decision to seek a waiver and such experiences were described in a manner strongly indicative of active psychotic •illness and irrationality. He also expressed some ambivalence about being put to death, and has obviously wavered in his desire to receive death or appeal in the past. Thus, concerns about the capacity for rendering rational and stable decisions for a matter of permanence — such as' waiving the right to postconviction review óf his case and that would lead to imposition of death— were raised by his presentation. Further, Roberts offered the testimony of Dr. Daryl Fujii concerning two evaluations that he/conducted on October 17, 2011, and- October 28,. 2013. Dr. Fujii testified that he met with Roberts for three hours in .October 2013 and that his diagnosis 'of schizophrenia ■ remained the same as that in October 2011. Dr. Fujii stated, “In my opinion as a clinician, I think at this point Karl does not have the capacity to choose» between life and death. His thinking is definitely impacted by his schizophrenia. I would say- at this point, Karl is not able to make a knowing and intelligent waiver of any further appeals.” Following the evidentiary hearing, the circuit court considered the experts’ testimony and reports, as well as Roberts’s numerous items of correspondence, and entered an order accepting Roberts’s waiver of postconviction proceedings and dismissing Roberts’s Rule 37 petition and substituted petition.' Specifically, the circuit court issued a two-page h ¡¡order in which it recounted- the facts of the case, the evidence that included the specific testimony of the two expert witnesses,- and ruled, ■ I . ■ After considering all relevant testimony and. evidence and after applying the test of competency mandated by the Arkansas Supreme Court, the court finds that the defendant, ;Karl ■ Roberts, is competent to knowingly and intelligently waive all rights to postconviction relief and has the capacity to choose between life and death (i.e., to elect execution) and to forego representation. He . has made that waiver clear by his letter filings in this court, which were cogent and unequivocal, and by his testimony of September 16,2013. Shortly after the circuit court entered this order, Circuit Judge J.W. Looney .left the bench. Subsequently, Roberts filed a motion for rulings on omitted issues and requested the circuit court to modify its order to include the specific findings of fact and conclusions of law that he presented in his prehearing brief. Circuit Judge- Jerry Ryan then issued a letter order, stating that, based on the December 29, 2014 order, “all issues were addressed or are moot,” and that the order tracks the directive of the Arkansas Supreme Court in- Roberts v. State, 2013 Ark. 57, 426 S.W.3d 372. The court’s order includes specific findings related to items 1-4 raised in the pre-hearing brief. Given the finding of competency and Mr. Robert’s [sic] waiver, item 4 has no application and item 5 is moot. II. Rule 37 Analysis This court has stated that Rule 37.5(i) sets out the postconviction procedures for death-penalty cases. Decay v. State, 2013 Ark. 185, at 1-2, 2013 WL 1858920. Subsection (i) provides in part that the circuit court shall “make specific written findings of fact with respect to each factual, issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition.” Ark. R'.Crfm. P. 37(i) (2015). In Echols v. State, 344 Ark. |u513, 519, 42 S.W.3d 467, 470 (2001), this court held that this provision imposes a “more exacting duty” on the circuit court than that found in Arkansas Rule of Criminal Procedure 37.3(c), which provides postconviction procedures for non-death-penalty cases. ! Under Rule 37.5(i), it is the petitioner who determines the issues that must be addressed by the circuit court in a written order; while Rule 37.3(c) provides that the circuit court is to determine the issues and then make specific written findings of fact and conclusions of law with respect to those issues. Id., 42 S,W.3d at 470. Significantly, in Wooten v. State, 338 Ark. 691, 1- S.W.3d 8 (1999), this court stated, Rule 37.5 evolved from Act 925 of 1997, now codified at Ark.Code Ann. §§ 16-91-201 to -206 (Supp.‘ 1999), where the General Assembly expressly noted that the intent of the Act is to comply with federal law by instituting a comprehensive state-court review. See ’ section 16-91-204; Porter v. State, 332 Ark. 186, 964 S.W.2d 184 (1998) (per curiam). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. Id. ... [W]e believe that the intent and purpose of that rule reinforces the responsibility of the trial court to make specific written findings and conclusions of law on each issue raised in the petition. Wooten, 338 Ark. at 695-96, 1 S.W.3d at 10-11 (emphasis added). In my opinion, Rule 37.5 applies to competency:to-waive proceedings that arise in death-penalty postconviction proceedings. In the instant case, the majority opinion is fatally flawed for three reasons: (1) it ignores the mandatory language of Rule 37.5(i) requiring a circuit court to make “specific written findings of fact” arid “specific written conclusions of law”; (2) • this court cannot make a meaningful appellate review without those specific findings, particularly in death-1 ^penalty cases; and (3) it confuses the roles between the appellate and circuit courts, by engaging in fact-finding that is within the exclusive province of the circuit court. , First, the circuit court’s findings are conclusory at best and do not comply with Rule 37.5. • Given the two-sentence ruling contained in the two-page order, the circuit court failed to provide any .meaningful analysis of the six issues that Roberts presented to the circuit court before his competency-to-waive hearing. Without this analysis and specific written findings of fact and conclusions of law,.-;L do not know the circuit court’s rationale for its finding of competency, particularly in light of the Rees and Franz cases. Because the circuit court provided merely conclusory rulings, we cannot engage in any .meaningful review of Roberts’s competency. to waive postconviction proceedings. Second, this court, similar to the Supreme Court of the United States, has recognized that death-penalty cases are different from other criminal cases due to the obvious finality of’ the punishment. See, e.g., Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); Echols, 344 Ark; 513, 42 S.W.3d 467; Am. Civ. Liberties Union v. State, 339 Ark. 314, 5 S.W.3d 418 (1999); Franz, 296 Ark. 181, 754 S.W.2d 839; State v. Robbins, 339 Ark. 379, 5 S.W.3d. 51 (1999). Consequently, this court’s appellate review of death-penalty cases has always been more comprehensive than in other cases. See Collins v. State, 261 Ark. 195, 548 S.W.2d 106 (1977). Because Rule 37.5(i) requires a “more exacting duty” of the circuit court to make specific written findings of fact, and specific written conclusions of law, the petitioner determines the issues that must be addressed by the trial court in a written order. Echols, 344 Ark. at 519, 42. S.W.3d at- 470. Here, Roberts determined those issues and presented |16them to the circuit court in his prehearing brief, as well as his posttrial motion for rulings on omitted issues, but the circuit court declined to address those six issues and instead made a general, sweeping finding, of competency to waive. This finding, in my view, does , not rise to the level of a-“more exacting duty” required by .the circuit court in a death-penalty case. ■ . Third, the majority has reviewed the record, which contains conflicting expert testimony on Roberts’s competency, substitutes its review-for the circuit court’s finding of fact, reverses the circuit court, and now holds that Roberts is incompetent to waive postconyiction, proceedings., In doing so, the, majority engages in fact-finding that is within the exclusive province of the circuit court. This court has repeatedly stated that it. does not try .issues of fact. See Mills v. State, 351 Ark. 523, 95 S.W.3d .796 (2003); Sanford v. State, 331 Ark. 334, 962 S.W.2d 335 (1998). Further, as a matter of policy, this court should be wary of making conclusive findings of fact on a competency issue in a death-penalty case. Instead, the circuit court should carry out its obligations under Rule 37.5, thereby providing a basis for this court’s meaningful review of Roberts’s appeal. For these significant reasons, I respectfully dissent., Danielson, J., joins.