

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–940

| | |
|---|---|
| DERRICK GERADE LAMBERT<br>APPELLANT | Opinion Delivered April 27, 2016 |
| | APPEAL FROM THE DREW<br>COUNTY CIRCUIT COURT |
| V. | [NO. 22CR-15-2] |
| | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Derrick Lambert was convicted by a Drew County jury of one count of being a felon in possession of a firearm. He was sentenced to four years in the Arkansas Department of Correction and fined $1000. Following trial, Lambert filed a motion for new trial, which was denied. On appeal, he raises two arguments for reversal: (1) his conviction was not supported by substantial evidence, and (2) the circuit court erred in denying his motion for new trial. We find no error and affirm.

I. *Sufficiency of the Evidence*

Arkansas Code Annotated section 5-73-103(a)(1) (Repl. 2005) prohibits any person who has been convicted of a felony from possessing or owning any firearm. Lambert conceded at trial that he is a convicted felon. However, he argued in his directed–verdict

SLIP OPINION

motion that the State failed to prove that he possessed the gun in question. The court denied his motion.

An appeal from the denial of a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Block v. State*, 2015 Ark. App. 83, at 4, 455 S.W.3d 336, 339. On appeal, we will affirm the denial of a motion for directed verdict if substantial evidence, either direct or circumstantial, supports the conviction. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). Substantial evidence is evidence which would compel a conclusion one way or the other with reasonable certainty, without relying upon mere speculation or conjecture. *Id.*, 8 S.W.3d at 474. We view the evidence in the light most favorable to the State and consider only evidence supporting the verdict. *Butler v. State*, 2009 Ark. App. 695, at 5, 371 S.W.3d 699, 702.

Lambert argues that the evidence does not support the verdict because the State's case against him relied on the theory of constructive possession and was entirely circumstantial. As a result, we consider the law on both constructive possession and circumstantial evidence.

The State is not required to establish actual physical possession but may prove possession constructively. *Patton v. State*, 2010 Ark. App. 453; *Cherry v. State*, 80 Ark. App. 222, 95 S.W.3d 5 (2003). Constructive possession requires the State to prove beyond a reasonable doubt that (1) the defendant exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Walker v. State*,

77 Ark. App. 122, 72 S.W.3d 517 (2002).[1] Constructive possession may be inferred where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Alexander v. State*, 2011 Ark. App. 610.

Constructive possession may also be inferred when contraband is in the joint control of the accused and another. *Webb v. State*, 2015 Ark. App. 257, 460 S.W.3d 820. Joint occupancy alone, however, is not sufficient to establish possession. *Gamble v. State*, 82 Ark. App. 216, 105 S.W.3d 801 (2003). Other factors must sufficiently link an accused to contraband found in a vehicle jointly occupied by more than one person. Among the factors sufficient to link an accused to contraband are whether the contraband was found on the same side of the car seat as the defendant or in immediate proximity to him and whether the accused acted suspiciously before or during the arrest. *Id.* (citing *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988)).[2]

Lastly, constructive possession may be established by circumstantial evidence. *Patton, supra.* Circumstantial evidence may provide the basis for a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable explanation of the crime.

---

[1] Lambert acknowledged at trial that, because he is a convicted felon, a firearm would be contraband. Thus, the only issue on appeal is whether he exercised care, control, and management over the contraband.

[2] Other factors, which are not pertinent in this case, include whether the contraband was found in plain view, whether the contraband was found on the defendant's person or with his personal effects, and whether the accused owned the vehicle in question or exercised dominion and control over it. *Gamble, supra.*

*Harris v. State*, 2014 Ark. App. 448, at 3, 439 S.W.3d 715, 717. The question of whether the circumstantial evidence would support any other theory is for the jury to decide. *Block*, *supra*.

With these standards in mind, we examine the evidence presented at trial. Special Agent John Carter of the Tenth Judicial Drug Task Force conducted a traffic stop at about 2:00 a.m. on an older-model Tahoe for having no rear license plate. The Tahoe was driven by Misty Johnson; Alex Harrington was a front-seat passenger, and Lambert was sitting in the backseat on the passenger side. As Carter spoke with Johnson and got her information, Lambert opened the rear passenger door and tried to exit. Carter told him to stay in the vehicle. About that time, Patrolman Ben Michel arrived on the scene. Michel maintained observation of the passengers, Harrington and Lambert. Lambert was observed moving around in the Tahoe. Michel did not observe Harrington attempting to reach from his position in the front seat to the backseat area where Lambert was seated.

Carter requested consent to search the Tahoe from Johnson. The uncontroverted testimony from Johnson was that both Lambert and Harrington told her not to allow the search. Carter obtained consent from Johnson to search the vehicle, and a subsequent search revealed a gun in the armrest compartment inside the seat back next to where Lambert had been seated within the Tahoe. The armrest compartment was immediately accessible by Lambert. Johnson denied that the gun belonged to her or that she had ever seen the gun before. Lambert denied that the gun belonged to him. He took the position that the gun had been placed in the armrest by Harrington, the front-seat passenger. This position, however, was refuted by Officer Michel's observations. It was also disputed by Johnson,

who explained that a person in the front seat could not reach the backseat without getting out of his or her seat.

We hold that the circuit court did not err in denying Lambert's motion for directed verdict and allowing the jury to determine whether the circumstantial evidence was consistent with Lambert's guilt or whether it would support any other theory. While there was joint occupancy of the vehicle, the State demonstrated that other "linking" factors were present. The gun was found in the backseat, where Lambert had been the sole passenger. The compartment in which the gun was found was immediately and solely accessible by Lambert. Although Lambert testified that Harrington had turned around and hidden the gun in the backseat, it was up to the jury to weigh this testimony against the observations of the arresting officers and Johnson. Additionally, Lambert acted suspiciously, telling Johnson not to allow the officers to search the vehicle and attempting to get out of the Tahoe before the police could approach it. *See Gamble*, 82 Ark. App. at 220–21, 105 S.W.3d at 804 (proximity of defendant to contraband, coupled with his suspicious behavior before and during the traffic stop, constituted substantial evidence of constructive possession). Accordingly, we conclude that substantial evidence supports Lambert's conviction.

## II.  *Motion for New Trial*

In his second point on appeal, Lambert challenges the circuit court's decision to deny his motion for a new trial. After his conviction, Lambert filed a motion for new trial in which he alleged that the State had suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Lambert contended that the State failed to disclose

an exculpatory statement by Harrington, the front-seat passenger in the vehicle. After a hearing, the circuit court denied the motion.

The decision to grant or deny a motion for new trial lies within the sound discretion of the circuit court, whose action will be reversed only upon a clear showing of abuse of that discretion or manifest prejudice to the defendant. *Harrison v. State*, 371 Ark. 652, 269 S.W.3d 321 (2007); *Wright v. State*, 2012 Ark. App. 389. The burden is on the appellant to establish that a violation of pretrial discovery was sufficient to undermine confidence in the outcome of the trial. *Rychtarik v. State*, 334 Ark. 492, 976 S.W.2d 374 (1998). To merit relief, the defendant must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Sanders v. State*, 374 Ark. 70, 72, 285 S.W.3d 630, 633 (2008); *Stewart v. State*, 2011 Ark. App. 658, 386 S.W.3d 583.

At the hearing on Lambert's new-trial motion, Harrington testified that he received a subpoena to appear as a witness for the State at the trial that was scheduled to begin on Wednesday. On Tuesday, however, Harrington met with the prosecuting attorney, who asked whether Harrington's story would be the same as it had been at a prior revocation hearing. Harrington told the prosecutor that he would testify that neither he nor Lambert had a gun. At that point, according to Harrington, the prosecutor told him he was released from his subpoena and did not have to appear for court. Although Harrington had also been subpoenaed by the defense, the subpoena had not yet been returned by the time of trial, so the prosecutor did not know of the defense subpoena. When the prosecutor's office later

6

called Harrington's house to release him from the State's subpoena, Harrington mistakenly assumed that he had been released from the defense subpoena as well. Harrington stated that, had he been called as a witness at trial, he would have testified that Lambert did not have a gun.

On cross-examination, the State questioned Harrington about his testimony from his previous revocation hearing. Harrington agreed that, at the prior hearing, he had testified that he did not know there was a gun in the back console. He also acknowledged numerous other inconsistencies between his testimony at the revocation hearing and Lambert's testimony at trial, including when and where the two of them had gotten into Johnson's car.

Following the hearing, the circuit court denied Lambert's motion, finding that Harrington's testimony would not have made a difference in the outcome of the trial. On appeal, Lambert argues that, as a result of the State's suppression of evidence favorable to him, he was "denied a fair opportunity to present exculpatory eye witness testimony that he did not have a gun, denying him a fair trial." Lambert also argues that the circuit court erred in ruling that Harrington's testimony would not have made any difference, because "the credibility of witnesses is an issue for the fact finder."

In *Wright, supra,* the appellant argued that he was entitled to a new trial because the State had not informed him about a jailhouse informant's statement regarding the crime. This court held that the appellant failed to show that he was so prejudiced by the alleged discovery violation that there was a reasonable probability the outcome of the trial would have been different. *Wright,* 2012 Ark. App. 389, at 6. Similarly, here, Lambert has failed to demonstrate

that the outcome of his trial would have been different. Lambert himself testified at trial that he did not have a gun. Johnson also said that she did not see a gun on Lambert, and Harrington's testimony to the same effect would only have been cumulative. Moreover, although Lambert testified that Harrington had the gun and tried to hide it, Harrington testified that he did not have a gun either. Thus, Harrington's testimony would have conflicted with Lambert's testimony.

Lambert does not argue in his brief on appeal that the outcome of the trial would have been different if Harrington had testified at trial. Because he has failed to assert, much less demonstrate, prejudice, we affirm the circuit court's denial of Lambert's motion for new trial.

Affirmed.

ABRAMSON and HOOFMAN, JJ., agree.

*John F. Gibson, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.